## BROWN v. TRUSCOTT INDEPENDENT SCHOOL DIST. et al.

### No. 1402—5586.

Commission of Appeals of Texas, Section A.

Jan. 21, 1931.

D. J. Brookreson and J. A. Stephens, both of Benjamin, and Carrigan, Britain & King, of Wichita Falls, for plaintiff in error.

Dickson & Dickson, of Seymour, and C. D. Jessup, of Houston, for defendants in error.

CRITZ, J.

The Court of Civil Appeals [20 S.W.(2d) 214] has made a very extended and comprehensive statement of this case and the issues involved, and we therefore copy the following from the majority opinion of that court:

"The appeal is from an order of the court below sustaining a general demurrer, special exception, and plea in abatement to appellant's petition, and dismissing the suit. Under the views which we entertain, it will not be necessary for us to consider the action of the trial court in sustaining the special exception and plea in abatement, but only its action in sustaining the general demurrer. The petition to which the general demurrer was sustained covers fifteen large pages of the transcript, but may be epitomized as follows:

"The plaintiff below, appellant here, sued H. C. Burt, doing business under the name of H. C. Burt & Co., the trustees of Truscott independent school district of Knox county, and the tax assessor and tax collector of such district, alleging, in substance:

"That on the 19th day of April, 1909, common school district No. 3, in Knox county, was created by an order of the commissioners' court, which district shortly thereafter bonded itself to the extent of $8,000. That, after the bonds had been voted, the commissioners' court extended the limits of the district so as to include about 4,100 acres of additional territory, 3,800 acres of which added territory belonged to the plaintiff. That thereafter the board of trustees levied a tax upon the property included in the added territory for the purpose of paying the interest and sinking fund on said $8,000 bond issue, and attempted to collect taxes on said added territory.

"That in a suit instituted by plaintiff in the district court of Knox county the collection of such tax was enjoined, and the judgment enjoining same was never appealed from, but became final. That thereafter, in 1920, the Thirty-Sixth Legislature passed a special act (Loc. & Sp. Laws 36th Leg. 3d Called Sess. 1920, c. 93) undertaking to create the Truscott independent school district in Knox county, including within the boundaries of said independent districts the original territory in common school district No. 3 and also the territory which the commissioners' court

had theretofore attempted to add thereto. Many allegations are made in the petition showing the unconstitutionality of the act of the Thirty-Sixth Legislature. These allegations will not be set out herein, for it seems to be conceded by both parties that such special act was unconstitutional. We shall therefore not further notice the special act of the Thirty-Sixth Legislature.

"That thereafter the Thirty-Eighth Legislature passed a special act, creating the Truscott independent school district, including within its limits the territory described in the special act of the Thirty-Sixth Legislature. Said independent school district has been functioning through its trustees and officers since its creation. That, after the taking effect of the special act of the Thirty-Eighth Legislature, an election was held in said district on May 7, 1927, at which election three propositions were submitted to the voters of said district, to wit: (a) For maintenance tax; (b) for a tax of fifty cents on the $100 valuation of property for the purpose of creating interest and sinking fund on a bond issue of $40,000 to erect a new school building; and (c) for the assumption of the bonded indebtedness of $8,000 issued by common school district No. 3.

"That all three of the propositions were carried. That the Attorney General approved $29,000 of the bonds of the $40,000 issue, which said $29,000 of bonds were sold to the defendant Burt. That the other $11,000 of said issue have not been sold or approved. That the trustees of the independent district created by the Thirty-Eighth Legislature levied and assessed taxes against plaintiff's property and the property of other persons situated in the added territory for the purpose, among other things, of paying the interest and providing a sinking fund to discharge the $8,000 bonded indebtedness of the old common school district No. 3, and paying the interest and providing a sinking fund to pay the $40,-000 bond issue, and the tax collector of said district was attempting to collect such taxes from plaintiff.

"It is then alleged that the special act of the Thirty-Eighth Legislature, attempting to create the Truscott independent school district, was unconstitutional and void, and repugnant to section 16, art. 1, and section 3, art. 7, of the State Constitution, in that such act did not provide any lawful means for the payment of the $8,000 bonded indebtedness then existing against a portion of the district, and because said act provided that the independent district acquired the property of common school district No. 3, without making any provision for the payment of debts against it. Follows then the allegation that, unless enjoined, the officers of the independent school district would levy and collect taxes against plaintiff's land situated in the added territory, for the payment of which said land was not liable.

"It is further alleged that, prior to the ordering of the election for the purpose of voting the $40,000 bond issue, the defendant Burt came to the town of Truscott and entered into a contract with the trustees, by the terms of which Burt agreed that, in the event the bonds were voted, he would purchase the same, and the trustees, by an order placed on the minutes, agreed to sell to Burt the bonds which were thereafter to be voted. The petition further represents that, at the time the election to vote to assume the $8,000 bonded indebtedness was ordered, it was the intention of the trustees to wreck the old building which had been built with the proceeds of said $8,-000 bond issue, and that, after said election was held, the trustees did destroy said building by having same torn down at an expense of $750, and realized from the salvage thereof less than $600.

"A further allegation is made that the $40,-000 bond issue was void because the petition and order for the election and the election notices stated that such bonds were to bear interest at the rate of 6 per cent. per annum, while the bonds actually issued by virtue of such election bear interest at the rate of 5¾ per cent. per annum.

"The prayer was for judgment canceling the bonds and removing the lien thereby created from plaintiff's property, restraining defendants from attempting to collect taxes on plaintiff's land for the payment of the $8,000 bond issue, for a writ of injunction restraining the tax assessor from assessing said property and the tax collector from collecting taxes for any interest or sinking fund, and for a decree that the purported creation of the Truscott independent school district was illegal and void."

The act creating the Truscott independent school district here under attack is H. B. No. 176, c. 17, p. 438, Special Laws of the Thirty-Eighth Legislature of Texas 1923 (2d Called Sess.). Omitting formal parts and field notes, such act reads as follows:

"Section 1. That the Truscott Independent School District is hereby created and established in Knox County, Texas, including within its limits the Truscott Independent School District as created by the Thirty-Sixth Legislature, Regular Session, with metes and bounds as follows: (Here follows the same description as that of Common School District Number 3, as enlarged, also Truscott Independent School District as attempted to be created by the Act of the Thirty-Sixth Legislature.)

"Sec. 2. The management and control of the public free schools of said Truscott Independent School District as created by this Act is hereby vested in a board of trustees composed of seven members; provided, that the trustees in charge of the public schools now in existence within the territory of said district shall serve as trustees of said Truscott

Independent School District until the time for the next succeeding election for trustees of independent school districts as is provided by General Laws for the election of trustees in independent school districts organized for school purposes only; at which time seven trustees, who shall be resident citizens and qualified voters within said district, shall be elected and serve in accordance with the provisions of this Act and the General Laws of the State.

"Sec. 3. The said Truscott Independent School District, as created by this Act, shall have and exercise and is hereby vested with all the rights, powers, privileges, and duties of a town incorporated under the General Laws of this State for free school purposes only, and the board of trustees of the said Truscott Independent School District shall have and exercise all of the rights, powers, privileges, and duties conferred and imposed by the General Laws of Texas upon the trustees of independent school districts incorporated under the General Laws of the State for free school purposes only."

It is contended by the plaintiff that at the time the act in question was passed there was in existence common school district No. 3 of Knox county, Tex., with an outstanding valid bonded indebtedness of $8,000, and that the act has the effect of abolishing and annulling said district and destroying the machinery by which it was operated without making any certain and sure provisions for the payment of such bonds, and without leaving any corporate entity in existence with power to do so, and that therefore such act is in violation and contravention of section 16, art. 1, of our state Constitution, in that it impairs the obligation of the contract represented by the bonds of the old common school district.

It is contended by the defendants that the act is valid because the district created by the act had the right to hold an election under the general laws, and under section 3 of article 7 of our state Constitution, for the purpose of assuming the bonds of the old district, and that this election was held and the bonds of the old district duly and lawfully made the obligation and debt of the new district.

The majority opinion of the Court of Civil Appeals by Justice Hickman holds the district valid and constitutional from its creation, and the bonds, both assumed and directly issued by it, legal and binding obligations of the new district. Justice Funderburk dissents from this view, and holds the new district unconstitutional for the various reasons set out in his dissenting opinion.

The several assignments present various very difficult and perplexing constitutional questions as disclosed by the two opinions above mentioned. However, the view we take of the law as it now exists makes it unnecessary for us to pass on all of the constitution-al questions presented to the Court of Civil Appeals or to the Supreme Court.

■■ It now appears that, since the passage of the above act, and since the case was heard in the Court of Civil Appeals, the Legislature of this state has enacted a validating act. The act is S. B. 384, c. 298, p. 666, General Laws of the Forty-First Legislature of Texas 1929 (Vernon's Ann. Civ. St. art. 2802a). Omitting formal parts, such act reads as follows:

"That in all cases where, with the intention of organizing an Independent School District, the Legislature of this State enacted a law prior to January 20, 1927, describing and designating a contiguous area of territory as an Independent School District and a Board of Trustees, chosen by the inhabitants of said territory has managed and governed the school affairs of such territory, conducted schools therein, levied taxes and called and held an election for voting upon the issuance of bonds for school purposes, and a majority of the qualified tax paying voters have voted in favor of such bonds and the bonds have been sold and the proceeds received by said District, then each such contiguous area of territory is hereby recognized and declared to be a validly organized Independent School District of this State for the purpose of establishing and maintaining public schools. The Board of Trustees acting for each such district is hereby declared to be the duly constituted governing body thereof and shall have the powers conferred by the laws of this State applicable to such Districts, and all proceedings and acts thereof heretofore taken and had as authorized by the school laws of this State are validated and all bonds so authorized and sold and now outstanding are hereby declared to be the valid obligations of each such school District.

"All common school districts, consolidated districts, rural high school districts and independent school districts, whether created by general or special law in this State, heretofore laid out and attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either State or county authorities as school districts are hereby validated in all respects as though they had been duly and legally established in the first instance."

To our minds the above act is sufficient, by its terms, to validate this district and its bonds, both assumed and directly issued, even though it be conceded that the new district was invalid in the beginning, a matter we do not pass upon. The power of the Legislature to enact curative statutes of this kind is no longer an open question of this state. Tom Green County v. Moody, Attorney General, 116 Tex. 299, 289 S. W. 381; Anderson County Road District, etc., v. Pollard, Attorney General, 116 Tex. 547, 296 S. W. 1062; Western Union Tel. Co. v. Wichita County Water

**840**

Improvement District No. 1 (Tex. Com. App.) 30 S.W.(2d) 301. Under the above authorities we hold this district, together with its bonded indebtednesses, both assumed and directly issued, now legal and valid.

█ It is contended by the plaintiff that the new independent district cannot assume the bonds of the old common school district because (a) the Constitution makes no provision for one district assuming the obligations of another district, and (b) because there was no law in force at the time authorizing the holding of an election for that purpose. We overrule both these contentions. The first (a) above had already been determined against the plaintiff's contention. Yorktown Independent School District v. Afflerbach (Tex. Com. App.) 12 S.W.(2d) 130, 133. In the Yorktown Case the commission, in construing the powers of a new school district to assume the bonds of an older district whose territory in part is comprised in the new district, says: "Such purpose is fairly within the language of the Constitution." The second contention above has been disposed of by us in our holding as to the effect of the validating act. The construction we give the validating act makes it unnecessary for us to pass on the question as to whether the general law conferred the power to hold the election at the time it was held, and we pretermit any discussion of that question. In this connection we hold that a curative statute enacted by the Legislature, and becoming effective during the pendency of an appeal, writ of error, or even a motion for rehearing on a case to which it applies, cures the defect the same as if such act had become effective before the institution of the suit. Hunt v. Atkinson (Tex. Com. App.) 17 S.W.(2d) 780.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

**CURETON, C. J.**

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.