## DESDEMONA INDEPENDENT SCHOOL DIST. v. HOWARD.

### No. 1397—5577.

Commission of Appeals of Texas, Section A.

Jan. 21, 1931.

Conner & McRae, Sayles & Sayles, and M. McCullough, all of Eastland, for plaintiff in error.

J. R. Stubblefield and R. L. Rust, both of Eastland, for defendant in error.

**CRITZ, J.**

In June, 1927, the Desdemona independent school district sued Edna Howard for delinquent taxes on a certain 82 acres of land owned by her. The case was tried before the court and judgment rendered for the district. Edna Howard appealed from this judgment to the Court of Civil Appeals at Eastland, questioning the constitutionality of the special act of the Legislature creating the district. The Court of Civil Appeals reversed the judgment of the trial court, holding the act unconstitutional and void, and rendered judgment for Edna Howard. 19 S.W.(2d) 946. The case is in the Supreme Court on writ of error granted on application of the school district.

It seems from the record before us that prior to 1921 there existed in Eastland county, Tex., common school district No. 41. By special act of the Thirty-Seventh Legislature of Texas 1921 (c. 23), Desdemona independent school district of Eastland county was created out of the territory of the older common school district above mentioned, and perhaps some additional territory. The 82 acres of land in question here was not contained in Desdemona independent school district as it existed by virtue of the 1921 act.

By special act of the Thirty-Eighth Legislature, S. B. No. 362 (c. 84) Desdemona independent school district of Eastland county and Erath county was created. This last district comprised the territory originally contained in the first Desdemona independent school district and certain additional territory. The 82 acres of land of Edna Howard is in this additional territory. The act of the Thirty-Eighth Legislature, omitting field notes and formal parts, reads as follows:

"Section 1. That the Desdemona Independent School District in Eastland and Erath Counties, Texas, is hereby created and established, including the present Desdemona Independent School District, with metes and bounds as follows: (Here is described field notes.)

"Sec. 2. The management and control of the public free schools of said Desdemona Independent School District is hereby vested in a board of trustees that shall be composed of seven persons who are resident citizens and qualified voters within said district. The trustees of the present Desdemona Independent District as same has been heretofore organized are hereby continued in office until the expiration of their respective terms and their successors are elected, as is provided by the General Laws for the election of trustees in independent school districts organized for school purposes only.

"Sec. 3. The said Desdemona Independent District, as created by this Act, shall have and exercise and is hereby vested with all of the rights, powers, privileges and duties of a town incorporated under the General Laws of this State for free school purposes only, and a board of trustees of the said Desdemona Independent District shall have and exercise all of the rights, powers, privileges and duties conferred and imposed by the General Laws of Texas upon the trustees of independent school districts incorporated under the General Laws of this State for free school purposes only.

"Sec. 4. The Desdemona Independent District hereby created is to, and shall assume any bonded indebtedness heretofore created by the Desdemona Independent District of Eastland County, which is now unpaid and outstanding, and shall levy and collect annually a sufficient tax to pay off said indebtedness; provided that nothing in this Act shall be construed to invalidate any existing obligations of said Desdemona Independent District of Eastland County or of any taxes heretofore provided and now in force in said territory."

It seems that, while the act of the Thirty-Seventh Legislature was in effect, the first Desdemona independent school district issued certain bonds which were outstanding and unpaid at the time of the passage of the last act. So far as shown by this record, there was no indebtedness owing by the original common school district at the time it was abolished by the creation of the first Desdemona independent school district. It also seems from the record that, after the last Desdemona independent school district was created by the special act of the Thirty-Eighth Legislature, it held an election for the purpose of assuming the bonds of the former independent school district, issuing new bonds, and levying maintenance taxes. All of these propositions were adopted by the voters of the last district and the new bonds issued and sold. This suit is by the last district for taxes, levied for the purposes named.

The Court of Civil Appeals holds the act of the Thirty-Eighth Legislature unconstitutional and void, as in violation and contravention of section 3 of article 7 of our state Constitution, in that it attempts to impose the debts and taxes of the former Desdemona independent school district on the latter district by fiat of the Legislature without a vote of the district as required by the Constitution. In support of its holding the Court of Civil Appeals cites Milhollon v. Stanton Independent School District (Tex. Com. App.) 231 S. W. 332, and Burns v. Dilly, etc. (Tex. Com. App.) 295 S. W. 1091. In other words, the Court of Civil Appeals condemns the act in question because of the provisions of section 4 thereof, above quoted. The school district contends that the act creating it is not unconstitutional, contending that section 4 thereof contemplates that the things provided for therein shall be accomplished by holding an election for the purposes named under the provisions of the general laws of this state.

We do not consider that it is now necessary for us to pass on either of the above contentions. Since this case was decided by the Court of Civil Appeals, the Legislature of Texas has passed a validating act, which, in our opinion, applies to this district and settles the issues of this litigation. The act in question is S. B. 384, c. 298, p. 666, General Laws of the Forty-First Legislature of Texas 1929 (Vernon's Ann. Civ. St. art. 2802a). Omitting formal parts, such act is as follows:

"That in all cases where, with the intention of organizing an Independent School District, the Legislature of this State enacted a law prior to January 20, 1927, describing and designating a contiguous area of territory as an Independent School District and a Board of Trustees, chosen by the inhabitants of said territory has managed and governed the school affairs of such territory, conducted schools therein, levied taxes and called and held an election for voting upon the issuance of bonds for school purposes, and a majority of the qualified tax paying voters have voted in favor of such bonds and the bonds have been sold and the proceeds received by said District, then each such con-

tiguous area of territory is hereby recognized and declared to be a validly organized Independent School District of this State for the purpose of establishing and maintaining public schools. The Board of Trustees acting for each such district is hereby declared to be the duly constituted governing body thereof and shall have the powers conferred by the laws of this State applicable to such Districts, and all proceedings and acts thereof heretofore taken and had as authorized by the school laws of this State are validated and all bonds so authorized and sold and now outstanding are hereby declared to be the valid obligations of each such school District.

"All common school districts, consolidated districts, rural high school districts and independent school districts, whether created by general or special law in this State, heretofore laid out and attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either State or county authorities as school districts are hereby validated in all respects as though they had been duly and legally established in the first instance."

The above act is sufficient, by its terms, to validate the Desdemona independent school district as created by the act of the Thirty-Eighth Legislature, together with its bonds assumed and issued and its maintenance taxes. Even though it be admitted that the act was originally unconstitutional, a question we do not now pass on, it is now settled that the Legislature has power to enact curative statutes of this character, and, when passed, such acts have effect to validate the district from its inception. Tom Green County v. Moody, etc., 116 Tex. 299, 289 S. W. 381; Anderson County, etc., v. Pollard, etc., 116 Tex. 547, 296 S. W. 1062; Western Union Tel. Co. v. Wichita County Water Improvement District (Tex. Com. App.) 30 S.W.(2d) 301. We also here refer to the case of Brown v. Truscott Independent School District, 34 S. W. (2d) 837, this day decided by this section of the Commission.

We refer to the Truscott Case for further discussion as to the power of an independent school district to assume the bonds of a preceding district whose territory has been added to the independent district and the effect of the validating act on the question as to whether the general law conferred the power to hold the election at the time, also as to the effect of validating acts on pending litigation.

We conclude that the district under consideration is now constitutional and valid as of its inception. This being the case, it is now entitled to have the judgment of the trial court affirmed, regardless of whether it was constitutional when formed or not.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.