## YOUNG v. EDNA INDEPENDENT SCHOOL DIST. et al.

No. 1242–5296.

Commission of Appeals of Texas, Section A.
Jan. 21, 1931.

Guy E. Bonham, of San Antonio, and S. C. Cappel, Jr., of El Campo, for plaintiff in error.

S. G. Sample, of Edna, for defendants in error.

CRITZ, J.

This suit was filed in the district court of Jackson county, Tex., by John W. Young against Edna independent school district et al. to restrain the collection of certain school taxes for said district, and also to restrain the issuance of the bonds of said district in the sum of $65,000. The district judge, in chambers, granted a temporary restraining order, and set the case for hearing on an application for the temporary injunction. On a hearing, which seems to have been a final one, the temporary injunction was refused and final judgment was entered sustaining a general demurrer to Young's petition. This judgment was affirmed by the Court of Civil Appeals. 9 S.W.(2d) 510, 511. The case is in the Supreme Court on writ of error granted on application of Young.

The district court having sustained a general demurrer, we must treat all of the allegations of the petition as true.

Young alleges that he is a landowner and property tax payer in Blair common school district No. 26 of Jackson county, and also a land owner and property tax payer in the Edna independent school district.

Young then alleges the passage of the Special Act of the 39th Legislature, H. B. 558, c. 178, p. 539, Special Acts of said Legislature, approved March 18, 1925, creating the present Edna independent school district of Jackson

county, Tex., and defining its boundaries. It is then alleged that prior to the passage of the above act the old Edna independent school district also existed with certain defined boundaries, and that by the terms of the 1925 act these boundaries were enlarged, and certain additional territory detached from certain named common school districts, and added to the new Edna district. It is then alleged that at the time the act of 1925 became effective, the Blair common school district of Jackson county, a part of whose territory was detached therefrom, and added to the new Edna district, had an outstanding bonded indebtedness of $8,000, and that the old Edna district, all of whose territory was included in the new Edna district, had outstanding bonds in the sum of $14,000. There is no allegation that any of the other districts affected by the 1925 act had any outstanding indebtedness. Furthermore, there is no allegation that the Blair common school district as changed is unable to discharge its indebtedness by a tax levy within constitutional and statutory limitations.

It is then alleged that the act in question attempts to place upon the territory thereby detached from the common school districts above mentioned and added to the new Edna district the taxes, both maintenance and bond, of the old Edna district, without a vote of the new Edna district, in violation of section 3 of article 7 of our State Constitution. It is also alleged that the new Edna district is attempting to levy and collect such taxes without having held an election or elections for such purposes. It is also alleged that the act attempts to place on the new Edna district a part of the bonds of the Blair district without a vote of the new Edna district.

It is also alleged that the new Edna district is about to issue bonds in the sum of $65,000 and is about to levy a tax on the property of such district to pay the interest thereon, and create the proper sinking fund therefor, said bonds and taxes having been duly authorized by an election held in said new district after the passage of the 1925 act.

The prayer seeks a permanent injunction restraining the levying and collection of all taxes attempted to be levied and collected by the new Edna independent school district on that part of Young's land which was in the old Blair district prior to the passage of the 1925 act, both for maintenance, and for the payment of the bonds of the old Edna district and the Blair district. Also the prayer seeks a permanent injunction restraining the issuance of the bonds of the new Edna district, and the levying and collection of the taxes voted therefor.

■ The act creating the new Edna district contains the following provision:

"Sec. 5. Said Edna Independent School District is hereby made liable for and shall pay such proportion of the bond indebtedness of the adjoining common school district in the proportion that the assessed value of the portion of each of said common school districts included within the limits of the said Edna Independent School District as herein created, shall bear to the entire assessed value of said common school district from which said portion is taken as such assessed values are shown upon the last preceding county tax assessment roll; and thereafter said Edna Independent School District shall pay either directly or through the officers of said common school district the proportion of the interest and principal of such bonded indebtedness for which it is liable."

It is contended by Young that the above-quoted provision of the act of 1925 creating the new Edna district renders the entire act unconstitutional and void, because such provision is in violation of section 3, art. 7, of our State Constitution. In this connection it is contended that the effect of the act is to impose the debts of the old Edna district and also a part of the debts of the Blair district on the new Edna district by fiat of the Legislature without a vote of the property tax paying voters of the district thereon as required by the constitutional provision above cited. In support of this contention, Young cites Millhollon v. Stanton Ind. School District (Tex. Com. App.) 231 S. W. 332, and Burns v. Dilley County Line Independent School Dist. (Tex. Com. App.) 295 S. W. 1091.

Under authority of Lyford Independent School District v. Willamar Independent School District, 34 S.W.(2d) 854, this day decided by this section of the commission, we hold that the validating act passed by the Regular Session of the 41st Legislature of Texas, being S. B. 384, c. 298, p. 666 (Vernon's Ann. Civ. St. art. 2802a), fully set out in the above-mentioned opinion, has effect to validate and make legal the new Edna independent school district, together with all taxes and bonds voted by the new district, and that regardless of whether such district was valid at the time of its creation or not, a question we do not now pass on.

■■ Furthermore under the authority of the case last above cited we hold that the Blair common school district whose territory in part was detached therefrom and added to the Edna district has no contract or vested right in laws fixing its boundaries and it cannot be asserted by such district, nor by any taxpayer thereof that an act reducing its area is invalid where the part left has sufficient property to pay such indebtedness within constitutional and statutory limitations. See also El Dorado Independent School District v. Tisdale (Tex. Com. App.) 3 S.W.(2d) 420. The case last cited is also cited in the Lyford Case and there fully discussed.

It follows from what we have said that all of that part of Young's petition which seeks to enjoin the issuance and sale of the bonds of the new Edna independent school district in the sum of $65,000, and the levying and collection of the tax duly voted for such purposes, states no cause of action.

■ We hold, however, that the part of the petition which alleges that the new Edna district is attempting to levy and collect taxes on the entire territory of the new district and on Young's property now situated therein, but originally a part of the Blair district, to pay the debts of the old Edna district, to maintain the schools of the new district, and to pay a part of the bonds of the Blair district without having held an election or elections therefor to authorize the same, does state a cause of action to that extent.

Under section 3 of article 7 of our State Constitution, no school tax can be levied or collected unless a vote has been had thereon as by said constitutional provision provided. In this connection we hold that the new Edna district can hold an election to assume the bonds of the old Edna district, but unless this is done the tax to pay such bonds and the interest thereon cannot be levied on the part of the territory of the Edna district which was added thereto after such bonds were voted.

■ We here call attention to the acts of the Regular Session, 40th Legislature, c. 294, p. 444 (Vernon's Complete Texas Statutes, 1928, arts. 2767 to 2767f, inclusive [Vernon's Ann. Civ. St. arts. 2767a to 2767f]), and to the acts First Called Session, 40th Legislature, H. B. 99, c. 84, p. 228 (Vernon's Ann. Civ. St. art. 2742b). We particularly call attention to sections 9, 10, 11, and 12, of the acts last mentioned.

We have fully discussed the act last above mentioned in Lyford Independent School District v. Willamar Independent School District, supra. That act has application where the boundaries of a school district have been changed, etc. Under that act, if there are any equities between the Blair common school district and the new Edna independent school district on account of the outstanding bonds of the old Blair district, such equities can be adjusted in the way and manner pointed out in the opinion in the Lyford Case, supra, and in said act provided. We do not hold that there are such equities and do not attempt to pass at all on that question.

Article 2767c, Vernon's Complete Texas Statutes, 1928 (Vernon's Ann. Civ. St. art. 2767c), supra, reads as follows:

"As used in this, and the succeeding articles the term 'Independent School District' is defined to mean any independent school district whether created by special act, or under the general laws; and the term 'school district' shall include every school district now exist-ing or hereafter to be created in any manner whatsoever and likewise any other corporation having assumed control of its schools.

"When all of the territory embraced within the boundaries of any abolished independent school district, having previously had legal existence, and having outstanding bonds or other indebtedness, enforcible either at law, or in equity, shall thereafter be contained or included within the limits of any other school district, all taxes against the property of such abolished independent school district at the time at which it is included or contained within such other school district, shall remain in full force and effect and shall be levied and collected by such other school district and the proper officers thereof until said entire indebtedness is fully paid.

"If a part of the territory embraced within such abolished independent school district shall thereafter be included or contained within the limits of such other school district, then such taxes shall remain in full force and effect upon the property so included and shall be collected as hereinbefore provided until the proportion of such indebtedness as the assessed value of the portion so included or contained bears to the entire assessed value of said abolished independent school district, has been paid fully. The assessed values of such property shall be those shown upon the preceding county tax assessment roll after such territory is included in such other district.

"Such other school district may assume such bonds or other indebtedness at an election held for that purpose, at which a majority of the qualified property tax paying voters of such other district, shall vote in favor thereof; in which event, all of the property within such other district, not exempt under the law, shall be subject to taxation for the payment of such bonds or other indebtedness. And the proper officers of such other district, shall levy upon such property in said district, a tax adequate for the payment of said bonds and other indebtedness, over such a period of time as may be necessary for that purpose. Such election shall be held in the manner provided for holding an election for voting bonds, or for voting a special tax, as the case may be, within such other school district."

Under the provisions of this article, the bonded indebtedness of the old Edna independent school district can be lawfully taken care of. The new district can hold an election and assume said bonds. If the election is not held or results adversely to such assumption, then the proper governing officers of the new district should levy and collect taxes on the property of the old Edna district until the indebtedness of such old district is paid.

■ Finally, we hold that under the provisions of section 3, art. 7, of our State Constitu-

tion no tax can be lawfully levied or collected on any property of any school district in this state unless such taxes have been duly voted on such territory as required by the constitutional provisions hereinabove referred to.

We recommend that the judgments of the Court of Civil Appeals and of the district court be both reversed, and the cause remanded to the district court for trial in accordance with this opinion.

CURETON, C. J.

Judgments of the Court of Civil Appeals and district court are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.