## STUART et al. v. STRAWN INDEPENDENT SCHOOL DIST.

No. 1417—5618.

Commission of Appeals of Texas, Section A. March 4, 1931.

J. T. Ranspot and Ritchie & Ritchie, all of Mineral Wells, and P. C. Sanders, of San Antonio, for plaintiffs in error.

William Pannill, of Fort Worth, and Chandler & Chandler, of Stephenville, for defendant in error.

CRITZ, J.

It appears from the record in this case that Strawn independent school district filed suit in the district court of Palo Pinto county, Tex., to recover delinquent taxes against the lands of J. N. Stuart et al., fully described in the petition, and to foreclose the tax lien.

Stuart et al. answered and attacked the constitutionality of the Special Act of the Regular Session of the Thirty-Third Legislature of Texas, 1913, being chapter 122, page 484, Special Laws of such Legislature, entitled, "An Act to redefine the boundaries of Strawn Independent School District, to validate the corporation thereof, and declaring an emergency."

In connection with the above, Stuart et al. alleged that the Strawn independent school district was originally incorporated under general law in 1904, with accurately defined territorial limits. It is then alleged that the properties here sought to be taxed were not located in the district as originally incorporated, but were included therein by the special act of the Thirty-Third Legislature. It is then alleged by Stuart et al. that the old Strawn district before the passage of the 1913 act had certain outstanding bonds duly voted, and that such bonds cannot become a charge on their lands situated outside the original district at the time the bonds were voted. It is also contended by Stuart et al. that the maintenance taxes and bond taxes here attempted to be collected are illegal and void because the 1913 act, which had effect to enlarge the district, is unconstitutional and void for various reasons not necessary to mention here, and because the tax levies are illegal and void for various reasons, among which were that the taxes were never authorized by a vote by the district as changed and enlarged.

The Strawn district by way of replication filed various exceptions to the above answer, and specially pleaded that all taxes here sued for had been duly authorized by a vote of the qualified property taxpaying voters of the district as enlarged and defined by the 1913 act.

The pleadings of the parties are rather extended, and plead many things not germane to the suit, but we think we have stated the pleadings with sufficient fullness to answer the purposes of this opinion.

When the case was called for trial, the parties filed an agreement, which is fully set out in the opinion of the Court of Civil Appeals. 21 S.W.(2d) 713. We do not reproduce the agreement here, but refer to that opinion for its terms.

The agreement is to the effect that, should the court hold the 1913 act constitutional, he should enter a judgment for the district, but, should he find the act unconstitutional, he should enter a judgment for Stuart et al. The agreement, together with the tax rolls therein mentioned, constituted the entire statement of facts.

The trial court entered a judgment for Stuart et al., both as to the taxes sued for, and enjoining any future levy of taxes on the lands here involved. From the statement we have made it is presumed that the trial court acted on the theory that the 1913 act hereinabove mentioned was unconstitutional and void.

The Court of Civil Appeals at Eastland reversed this judgment and remanded the cause for a new trial, holding in effect that the agreement was insufficient as a statement of facts upon which to present the case to the court.

■ Since this case was tried in the district court and since the agreement was made, the Legislature of this state has enacted a validating act. The validating act in question is S. B. 384, c. 298, p. 666, General Laws Regular Session, 41st Legislature, 1929 (Vernon's Ann. Civ. St. art. 2802 a). In view of this act, we hold that the Strawn independent school district is now valid and constitutional. Lyford Independent School District v. Willamar Ind. School District (Tex. Com. App.) 34 S.W.(2d) 854; Young v. Edna Ind. School District (Tex. Com. App.) 34 S.W.(2d) 857; Pyote Ind. School District v. Dyer (Tex. Com. App.) 34 S.W.(2d) 578; Desdemona Ind. School District v. Howard (Tex. Com. App.) 34 S.W.(2d) 840; and Brown v. Truscott Ind. School District (Tex. Com. App.) 34 S.W.(2d) 837. The above cases are not yet reported [in State reports].

■ Under the above authorities if the qualified property taxpaying voters of the Strawn independent school district have duly authorized the levy and collection of the taxes here sued for at an election or elections held for such purposes since the passage of the 1913 act, then the district is entitled to collect such taxes.

In view of the fact that the agreement made the statement of facts in this case was entered into and filed prior to the passage of the validating act and the parties could not have had same in view when the agreement was executed, we think it proper to remand this case for a trial upon its merits so that the facts may be fully developed.

We recommend that the judgment of the Court of Civil Appeals, which reverses the judgment of the district court and remands the case for a new trial, be affirmed, but that on another trial the district court shall be governed by this opinion.

CURETON, C. J.

The judgment of the Court of Civil Appeals reversing the judgment of the district court is affirmed, as recommended by the Commission of Appeals.