## BUTMAN et al. v. JONES et al.

### No. 838.

Court of Civil Appeals of Texas. Eastland.

March 20, 1931.

Rehearing Denied April 17, 1931.

See, also, 24 S.W.(2d) 796.

Cox & Hayden, of Abilene, for appellants.

Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

HICKMAN, C. J.

This is the second appeal of this case. Our opinion on the former appeal is reported in 24 S.W.(2d) 796. The errors for which we reversed the judgment of the trial court and remanded the cause for another trial are not in the record as it comes to us on this appeal. The suit was brought by certain taxpaying voters of Divide high school district No. 5 of Nolan and Taylor counties to dissolve the said district and to have restored to Dora common school district, one of the districts out of which the high school district was formed, all of the powers formerly possessed by it. The suit also sought to restrain the issuing and selling of bonds voted in the high school district and from levying a tax on the property of appellants.

The district was created under the authority of articles 2922a to 2922l, Vernon's Annotated Texas Statutes. Appellants' contentions are: First, that the articles under which the district was created are repugnant to various provisions of the Constitution of Texas and to the Fourteenth Amendment of the federal Constitution; and, second, that the trustees were guilty of an abuse of discretion in the creation of the district. We shall consider these two contentions in their order.

All of the questions here presented with reference to the constitutionality of the statutes were presented to this court in the cases of Stinson v. Graham, 286 S. W. 264, and Ivey v. Keeling, 15 S.W.(2d) 1097. In each of these cases our holding was contrary to appellants' contentions, and in each a writ of error was refused by the Supreme Court. The latter case was sought to be taken to the Supreme Court of the United States, but the appeal thereof was dismissed for the want of a substantial federal question in 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1126. Upon the authority of those decisions, all questions here presented challenging the constitutionality of these statutes are overruled.

We do not find it necessary to consider the various propositions presented upon the alleged irregularity in the formation of this district. By an act of the Forty-First Legislature, Acts of 1929, page 666, chapter 298, § 2, brought forward in the cumulative annual pocket part of Vernon's Civil Statutes as article 2802a, § 2, all rural high school districts heretofore laid out and attempted to be established by the proper officers of any county and heretofore recognized by county authorities as school districts are validated in all respects as though they had been duly and legally established in the first instance. The effect of this validating act was to cure the defects, if any, in the manner of the formation of this district and render the same a valid high school district. Brown v. Truscott Ind. Sch. Dist. (Tex. Com. App.) 34 S.W.(2d) 837; Desdemona Ind. Sch. Dist. v. Howard (Tex. Com. App.) 34 S.W.(2d) 840; Pyote Ind. Sch. Dist. v. Dyer (Tex. Com. App.) 34 S.W.(2d) 578; Lyford Ind. Sch. Dist. v. Willamar Ind. School Dist. (Tex. Com. App.) 34 S.W.(2d) 854; Young v. Edna Ind. School Dist. (Tex. Com. App.) 34 S.W.(2d) 857.

The same Legislature at subsequent special sessions enacted two other validating acts clearly and unmistakably applicable to the district here under attack. These validating acts appear in the 1930 cumulative annual pocket part of Vernon's Statutes as article 2742i and article 2742j, § 2. If, for any reason, it should be thought that article 2802a is not sufficiently broad in its terms to include the district here attacked, we think the other two subsequent validating acts are without doubt sufficiently broad for that purpose.

The judgment of the trial court sustaining a general demurrer to appellants' petition will be affirmed.