JENNINGS–PROGRESS COMMON SCHOOL DIST. NO. 106 v. MARVIN SCHOOL DIST. NO. 14.

No. 4073.

Court of Civil Appeals of Texas. Texarkana

Oct. 22, 1931.

Rehearing Denied Oct. 29, 1931.

Tom L. Beauchamp and A. P. Dohoney, both of Paris, for appellant.

Edgar Wright, of Paris, for appellee.

WILLSON, C. J. (after stating the case as above).

Appellant's brief does not contain an "assignment of errors," nor does it contain a copy of their motion for a new trial filed in the court below. But it does contain nine "propositions" which, it is asserted in the brief, are "based (quoting) on the assignments of error in the amended motion for a new trial."

■ In disposing this day of the appeal in Lamar-Delta County Improvement District No. 2 v. Dunn, this court held that, in the absence of an assignment of errors in an appellant's brief, it was restricted by force of the Act of April 9, 1931 (General Laws 1931, c. 45, p. 68 [Vernon's Ann. Civ. St. art. 1757]) amending article 1757, R. S. 1925, just as it was by rules promulgated by the Supreme Court before the passage of that act, to a consideration on an appeal of only errors apparent upon the face of the record.

■ Appellant insists that several of the propositions in its brief embody the requisites of, and therefore should be treated as, assignments of error. It may be they do embody such requisites, or at least some of same, but we do not think the law or the rules contemplate that time of an appellate court should be devoted to the matter of determining whether what an appellant has designated and treated as "propositions" in a brief might not also be treated as an assignment of errors. Whether a given proposition should be so treated or not in many instances would present a doubtful question. When it is remembered that briefs of an appellant sometimes contain more that 100 "propositions" it is plain, we think, that the burden of determining whether any of them should be treated as an "assignment of error" or not ought not, in the first instance, to be placed on an appellate court, and we do not think the Legislature intended it should be.

■ Appellant insists, further, if propositions in its brief should not be treated as assignments showing error entitling it to a reversal of the judgment, it nevertheless is entitled to such reversal for error "apparent upon the face of the record" within the meaning of article 1837, R. S. 1925. It appeared that prior to August 13, 1918, the Stell land was in the appellant district. It appeared from allegations in the answer filed by the appellee district that an effort was made on said August 13, 1918, to change the boundaries of the districts so as to include the Stell land in said appellee district. Appellant excepted to the answer on the ground that it

appeared from allegations therein that, in the effort to so change the boundaries, specified requirements of the law were not complied with, and insists here that overruling its exceptions was such error apparent on the face of the record. We do not think so. The suit was commenced by a petition filed July 18, 1930, which was after the time (said August 13, 1918) when it was claimed the boundaries of the districts were changed and after the time (April 10, 1930) when the act "validating all school districts," (Gen. Laws 41st Leg. 4th Called Session, c. 40, p. 79 (Vernon's Ann. Civ. St. art. 2742i) took effect. The act referred to contained a provision as follows: "All acts of the County Boards of Trustees of any and all counties in rearranging, changing or subdividing such School Districts, or increasing or decreasing the area thereof, in any School District of any kind, or in creating new districts out of parts of existing districts or otherwise, are hereby in all things validated." The act was a general law which, we think, the trial court should have considered in passing upon appellant's exceptions to the answer, and which, we think, further authorized the ruling in question.

The judgment is affirmed.