**MILLER et al. v. STATE ex rel. ABNEY et al.**

**No. 10318.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Rehearing Denied April 27, 1938.

1028

Kelley, Looney & Norvell, of Edinburg, Frank H. Crain and J. W. Ragsdale, both of Victoria, and Chas. E. Thompson and McDaniel, Catlett & Spell, all of McAllen, for appellants.

Wm. McCraw and Wm. C. Davis, both of Austin, Brooks, Napier, Brown & Matthews, of San Antonio, and Strickland, Ewers & Wilkens and Hill, Greer & Franki, all of Mission, for appellee.

MURRAY, Justice.

This suit was instituted in the district court of Hidalgo county, by the Attorney General of Texas, on the relation of D. C. Abney and many others, complaining of Sam L. Miller and many others, including Hidalgo County Water Control and Improvement District No. 12, seeking a temporary injunction restraining the respondents below, who are the appellants here, from selling or disposing of certain purported interim bonds of said district No. 12, alleged to be in the hands of appellants; and further seeking on final hearing to have a judgment canceling said bonds and decreeing the purported water control and improvement district to be a nullity.

Relators' petition consists of some thirty pages, and we will not here attempt to state the contents of the same. When the petition was presented to the trial court, he caused notices to be issued to respondents to appear and show cause why the temporary injunction prayed for should not be granted. The respondents did appear and answer said petition, and upon a hearing the trial judge entered an order granting the temporary injunction as prayed for, and this appeal is from that order.

Relators in their petition, among other things, allege that Hidalgo County Water Control and Improvement District No. 12 was not a valid district, because it was created as a result of a conspiracy existing between O. O. Norwood, J. T. Franklin, N. L. Reyna, and A. Y. Baker, now deceased. The petition, in effect, alleges that

everything was done, as required by chapter 25, Acts 39th Legislature of 1925, and amendments thereto, article 7880 Vernon's Annotated Civil Statutes, necessary to the creation of a water control and improvement district, but each allegation is preceded by the word "purported," to illustrate, the district is described as a purported district; that purported directors were appointed for the district; that a purported petition was presented to the commissioners court; that a purported election was held to determine whether or not the district should be created. However, notwithstanding the fact that these various steps were taken, the relators alleged that the district was invalid because the alleged conspirators who were promoting the district did not in fact intend to create a district, but merely intended to go through the forms of creating a district for the ultimate purpose of getting into their possession purported bonds which they might use for their own purpose. The petition further alleges that the interim bonds in the sum of $650,000, alleged to be now in the possession of respondents, were void because not submitted to a vote of the qualified voters residing in the purported district, notwithstanding the fact that a purported election was held in the district, purporting to authorize the issuance of bonds to the amount of $5,500,000.

Respondents in their answer pleaded under oath that the interim bonds had been approved by the Attorney General and registered in the office of the comptroller, and that they were innocent purchasers of the bonds. They further pleaded that if said district No. 12 was not a valid district at the time of its purported creation, it had been validated by two validating acts passed by the Legislature of this state, to wit, Acts 1935, 44th Leg.2d Called Session, ch. 477, p. 1877, now shown as article 7807h of Vernon's Annotated Civil Statutes of Texas; and Acts of 1935, 44th Leg., 1st Called Session, ch. 372, p. 1543, which act is shown as article 7880—147w of Vernon's Annotated Civil Statutes of Texas.

At a hearing, which took place on September 24, 1937, the following evidence was introduced: One of the interim bonds in the sum of $1,000, including a certificate showing that the bond had been approved by the Attorney General and registered in the office of the state comptroller; and paragraph "3" of respondent's answer, as follows: "The defendants, and each of them for himself, allege that the bonds owned by him, or it, were purchased by him in good faith and without notice of any infirmities, if any, alleged by the plaintiffs, if any there be alleged; that he, or it, paid a valuable consideration for said bonds and is, therefore, an innocent purchaser for value and without notice 'and that said bonds in his hands cannot be attacked."

■■ We are of the opinion that under the pleadings and evidence offered it was error for the court to grant the temporary injunction. The fact that certain persons had conspired together and.were promoting the creation of this water control and improvement district with evil intentions and fraudulent purposes would not render its creation invalid where the law was actually complied with. It would not be possible to determine the validity of a district on the intentions of some one who might be promoting its creation. Especially is this true where the Legislature has passed two validating acts since this district was allegedly created. The court must take judicial knowledge of these validating acts. Desdemona Independent School District v. Howard, Tex.Com.App., 34 S.W.2d 840; Brown v. Truscott Independent School District, Tex. Com.App., 34 S.W.2d 837; Tom Green County v. Moody, 116 Tex. 299, 289 S.W. 381.

■ In passing upon the propriety of issuing the temporary injunction, we must take as true respondents' sworn answer (not denied by relators) wherein it states that these bonds were approved by the Attorney General and registered in the office of the comptroller, and that respondents were innocent purchasers of the same. In view of these facts, there were not sufficient allegations in appellees' petition to support a temporary injunction.

■ Appellees do allege that there were many irregularities in connection with the elections held for the creation of the district and the issuance of the bonds, but such questions may only properly be raised in an election contest brought in the form and manner provided by our statutes, articles 3041 to 3075, R.S.1925; 16 Tex.Jur., § 115, p. 142; Gates v. Hays, Tex.Civ.App., 95 S.W.2d 1020; Slater v. Ellis County Levee Improvement District No. 9, Tex. Com.App., 36 S.W.2d 1014.

■ Appellees contend that these interim bonds were void because the matter of their issuance was not submitted to a vote of the voters within the district. In other words,

that the statute, article 7880—84a, Vernon's Ann.Civ.St., is unconstitutional because it authorizes the issuance of bonds by a water district without the matter having first been submitted to a vote of the people. We overrule this contention. Under the provisions of article 7880—84a, interim bonds can only be issued after the voters of the district have authorized the issuance of bonds other than preliminary bonds or notes, and the payment of the interim bonds is to be secured by a sufficient amount of the so-called permanent bonds. The interim bonds are incidental to and a part of the bonds authorized by the voters of the district. The provisions of article 7880—84a are not in conflict with the provisions of the Constitution, art. 16, § 59 (c), which provides in effect that a district can only issue bonds when authorized by a vote of the voters living in the district.

If the bonds are absolutely void, they can never be collected and a temporary injunction could serve no useful purpose. If they are not void, the record here shows them to already be in the hands of innocent purchasers, so under any theory of the case the temporary injunction should not have been granted.

Accordingly, the order granting the temporary injunction will be reversed and the injunction dissolved.