## ABERNATHY COUNTY LINE CONSOL. INDEPENDENT SCHOOL DIST. v. NEW DEAL RURAL HIGH SCHOOL DIST. NO. 3.

#### No. 5570.

Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1943.

Rehearing Denied Nov. 15, 1943.

Griffin & Morehead, of Plainview, for appellant.

Nelson & Brown, of Lubbock, for appellee.

PITTS, Chief Justice.

This suit was filed by New Deal Rural High School District No. 3 of Lubbock County, appellee, against Abernathy County Line Consolidated Independent School

District of Hale County and Lubbock County, attached to Hale County, appellant, seeking to have Sections 35 and 41 in Block C–2, Lubbock County, decreed to be a constituent part of New Deal Rural High School District No. 3, Lubbock County, and to have appellant enjoined from exercising any control for school purposes over said Sections 35 and 41 in Block C–2, Lubbock County, and from interfering with appellee's management and control for school purposes of said sections.

A trial was had before the court without a jury. Judgment was rendered for appellee and appellant perfected its appeal to this court.

The record discloses that Abernathy County Line Independent School District situated in Hale and Lubbock Counties, attached to Hale County for school purposes, as provided by article 2743, Revised Civil Statutes, was created by Act of the Legislature on March 10, 1917 by House Bill No. 624, chapter 54 Loc. & Sp.Laws. Sections 35 and 41 in Block C–2, Lubbock County were included within the boundaries of and were made a part of said Abernathy District as a result of said act. Subsequently, on March 25, 1918, the Legislature passed House Bill No. 175, Chapter 27, Loc. & Sp.Laws, which became a law ninety days after adjournment, purporting to transfer said Sections 35 and 41, Block C–2, Lubbock County, out of the said Abernathy District and to place them within and make them a part of Center Common School District No. 2 of Lubbock County, which Center District was subsequently, on April 30, 1935, grouped with other Lubbock County districts into New Deal Rural High School District No. 3, Lubbock County, appellee. The record further discloses that in 1936 to 1939 certain other school districts were grouped with Abernathy County Line Independent School District, making it Abernathy County Line Consolidated Independent School District, appellant.

Appellant in its first assignment of error attacks the constitutionality of House Bill No. 175, Chapter 27 of the Local and Special Laws of the Fourth Called Session of the Thirty-fifth Legislature of 1918, purporting to transfer Sections 35 and 41, Block C–2, Lubbock County, from the Abernathy District to the Center District and charges that the title of said act fails to comply with Article 3, Section 35 of the State Constitution, Vernon's Ann.St., in that the title of said act does not disclose any legislative intent or purpose to affect any school districts except common school districts and county line common school districts of Lubbock County and therefore does not give notice of any intention to affect the Abernathy County Line Independent School District of Hale County and that the same is void in so far as it attempts to affect the two sections in question.

The title of House Bill No. 175, Chapter 27, is as follows:

"Readjusting Certain Common School Districts in Lubbock County.
"H. B. No. 175.

Chapter 27.

"An Act re-adjusting the Common School Districts and County Line Common School Districts in Lubbock County, Texas, against which outstanding bond issues are now in force, changing boundary lines of said Districts, dividing districts and describing them by metes and bounds, providing that any lands that may by this Act be incorporated in a given Common School District from any other Common School District or County Line Common School District, or any common school district that is by this Act divided, shall continue to be subject to taxation for the payment of the principal, annual interest, and sinking fund of any common school district or County Line common school district school house bonds that may have heretofore been issued by the common school district or county line common school district from which such lands are transferred and remaining unpaid; and declaring an emergency."

In reading House Bill No. 175, Chapter 27, we find no reference is made to any district in Hale County, to any independent district, to any independent county line district nor to the Abernathy District in either the title or the body of the act. The only way a person could determine that Abernathy County Line Independent School District had been affected by said bill would be by following the callings of the boundaries in the body of the act and tracing them on a map to find that Sections 35 and 41 of Block C–2, Lubbock County, had been changed from the Abernathy District in Hale County to the Center District in Lubbock County.

Article 3, Section 35 of the State Constitution, provides in part as follows: "* * * But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

In Sutherland, County Judge et al. v. Board of Trustees of Bishop Independent School Dist. et al., Tex.Civ.App., 261 S.W. 489, 490, writ refused, in a discussion of the purpose of a title to an act, the court lays down the following rule: "* * * The true test to be applied in cases of this character is: Does the title fairly give notice by its recitals, to all persons concerned, of the subject-matter of the act? If by its title it appears to affect only the residents of particularly designated localities, while the provisions in the body of the bill affect other localities or territory, then the title is misleading and unconstitutional, in so far as it affects the unnamed places."

The above rule is supported by a long list of authorities, to which we add Landrum et al. v. Centennial Rural High School Dist. No. 2 et al., Tex.Civ.App., 134 S.W.2d 353; 39 Tex.Jur. 77, par. 36, and pages 100 to 102, par. 147.

It is our opinion that the title to House Bill No. 175, Chapter 27, considered only together with the body of the bill as it was originally passed by the Legislature of date March 25, 1918, is invalid and void in so far as it attempts to affect Sections 35 and 41, Block C-2, Lubbock County, because it does not give sufficient notice of the purpose and intent of the act as required by Section 35, Article 3 of the State Constitution. Appellant's first assignment of error is therefore sustained when considered alone as presented but we must look further into the additional proceedings as reflected by the record.

Appellant then complains that the trial court erred in holding that House Bill No. 175, Chapter 27, was validated by subsequent acts of the Legislature which resulted in transferring Sections 35 and 41, Block C-2 from the Abernathy District to the Center District. With this complaint we cannot agree for the reasons set out below.

The trial court concluded as a matter of law in his findings of fact and conclusions of law "that any defect which might have existed in said act (meaning House Bill No. 175, Chapter 27) as passed was cured by each and all of the following general laws of the State of Texas:

"(a) S.B.384, c. 298, p. 666, General Laws, Regular Session, Forty-first Legislature, effective ninety days after March 14, 1929, the date of adjournment, and now article 2802a, Vernon's Ann.Statutes.

"(b) H.B.11, c. 40, p. 79, General Laws, Fourth Called Session, Forty-first Legislature, effective twenty days after February 18, 1930, date of adjournment, and now article 2742i, Vernon's Ann.Statutes.

"(c) S.B.19, c. 5, p. 117, General Laws, Fifth Called Session, Forty-first Legislature, effective ninety days after March 20, 1930, date of adjournment, and now article 2742j, Vernon's Ann.Statutes."

39 Tex.Jur. 41, par. 19, says in part under the subject of "Validating or Curative Acts" that: "The enactment of curative statutes constitutes a valid exercise of legislative power. In this matter the Legislature can give capacity or dispense with any formality it could have previously given or dispensed with. In short, it can ratify anything it could have authorized in the first instance."

The same paragraph states that acts validating school districts "are familiar examples of curative statutes." There is no question but that the Legislature had authority and could have given sufficient notice of its purpose and intent in the title when it passed House Bill No. 175, Chapter 27 originally. It therefore had authority to cure and validate the defects in the title of said original act for the further reasons given below.

37 Tex.Jur. 899, par. 38, on the subject of "Curative Legislation" as it applies to school districts of all kinds, favorably supports validating acts "even though the procedure by which such districts were formed were so irregular as to render the same void, and though the authorizing statute was unconstitutional." Numerous authorities are cited by the text in support of the rules laid down.

The Commission of Appeals in an opinion by Judge Critz when he was on the Commission, and approved by the Supreme Court, held in the case of Lyford Independent School Dist. et al. v. Willamar Independent School Dist. et al., 34 S.W.2d 854, 855:

"If the act creating the Willamar district was unconstitutional and void, at the time of its enactment, on account of section 4 of that act, then the act creating the Lyford district was also unconstitutional and void for the same reason. * * *

"The several assignments present various very difficult and perplexing constitutional questions, as disclosed by the statement above, and the opinion of the Court of Civil Appeals. However, the view we take of this case under the law as it now exists makes it improper and unnecessary for us to pass upon any of these questions.

"It appears that since the passage of both the above acts the Legislature of this state has enacted a validating act. The act in question is S.B.384, c. 298, p. 666, General Laws Regular Session 41st Legislature (Vernon's Ann.St. art. 2802a). Omitting formal parts, this act reads as follows:

" 'That in all cases where, with the intention of organizing an Independent School District, the Legislature of this State enacted a law prior to January 20, 1927, describing and designating a contiguous area of territory as an Independent School District and a Board of Trustees, chosen by the inhabitants of said territory has managed and governed the school affairs of such territory, conducted schools therein, levied taxes and called and held an election for voting upon the issuance of bonds for school purposes, and a majority of the qualified tax paying voters have voted in favor of such bonds and the bonds have been sold and the proceeds received by said District, then each such contiguous area of territory is hereby recognized and declared to be a validly organized Independent School District of this State for the purpose of establishing and maintaining public schools. The Board of Trustees acting for each such district is hereby declared to be the duly constituted governing body thereof and shall have the powers conferred by the laws of this State applicable to such Districts, and all proceedings and acts thereof heretofore taken and had as authorized by the school laws of this State are validated and all bonds so authorized and sold and now outstanding are hereby declared to be the valid obligations of each such school District.

" 'All common school districts, consolidated districts, rural high school districts and independent school districts, whether created by general or special law in this State, heretofore laid out and attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either State or county authorities as school districts are hereby validated in all respects as though they had been duly and legally established in the first instance.'

"To our minds the above act is amply sufficient in its terms to validate both the Willamar and the Lyford districts, even though it be conceded that they were both invalid at the time of their creation. * * * *"

The same construction is given the above validating act by the Commission of Appeals and approved by the Supreme Court in the case of Desdemona Independent School District v. Howard, 34 S.W.2d 840, and the rule is supported in Butman et al. v. Jones et al., Tex.Civ.App., 37 S.W.2d 840; Robinson et al. v. El Sauz Independent School Dist. et al., Tex.Civ.App., 40 S.W.2d 934, and Jennings-Progress Common School Dist. No. 106 v. Marvin School Dist. No. 14, Tex.Civ.App., 42 S.W.2d 805. The validating acts approved in the above cases are the same validating acts appellee relies on in this case.

The trial court found and the facts support his findings that from the time House Bill No. 175, Chapter 27, was passed in 1918 until 1935 when Center Common School District No. 2 in Lubbock County was consolidated and made a part of New Deal Rural High School District No. 3, the said Center School District No. 2 was recognized by State and county authorities as a school district and that during said period of time the two Sections 35 and 41, Block C–2 were, by virtue of said act which was later validated, within the boundaries of said district; and that at all times subsequent to April, 1935, the New Deal Rural High School District No. 3 of Lubbock County has been recognized by the State and county authorities as a school district and that during said period of time said Sections 35 and 41, Block C–2 have been within the boundaries and a part of said district, by virtue of said act, which was later validated.

It is our opinion that House Bill No. 175, Chapter 27, has been validated by subsequent acts of the Legislature, namely, articles 2802a, 2742i, and 2742j, Vernon's Ann.Civ.St., and that the trial court proper-

ly so held. Appellant's second assignment of error is therefore overruled.

■ Appellant makes a further claim that certain school districts were consolidated with the Abernathy district, as the same was "created by an Act of the Thirty-fifth Legislature," by orders passed by the Hale County Commissioners' Court and the Boards of School Trustees of Hale and Lubbock Counties; that these acts of said court and said boards were validated by act of the Legislature, known as Senate Bill No. 323, Vernon's Ann.Civ.St. art. 2815g—10, on April 5, 1937, and that the Abernathy District is entitled to have said Sections 35 and 41, Block C–2, Lubbock County, by reason of said validating act of said orders. But we find no merit in such claim of appellant since we find said orders of the Hale County Commissioners' Court and the Boards of Trustees of Hale and Lubbock Counties consolidating the Abernathy District with the other districts were passed in 1936 to 1939 and that the two sections of land in question had been previously designated as a part of Center Common School District No. 2 of Lubbock County and the same validated prior to the passing of the orders by said commissioners' court and said boards of school trustees, which orders did not attempt to disturb or affect either the Center School District or the New Deal Consolidated Rural High School District.

The judgment of the trial court is affirmed.