

# The Attorney General of Texas

November 30, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas    77002

Dear Mr. Resweber:

Opinion No. H-1099

Re:   Are Harris County
justices of the peace
required to publish semi-
annual status reports?

Your office has asked if justices of the peace in Harris
County are required by section 6 of article 1200ff, V.T.C.S.,
Acts 1977, 65th Leg., ch. 725, at 1798, to publish semi-
annual status reports of the revenues and activities of their
courts.  Section 6 of that statute reads in part:

> Each municipal court, corporation court,
> and justice court in the state shall pub-
> lish during the first week of January and
> the first week of June of each year in a
> newspaper of general circulation in the
> county in which each such court sits a
> report of its revenues and activities for
> the six-month period immediately preceding
> the date of the report and schedule of its
> established fines payable in cases that
> are disposed of without hearings.

(Emphasis added).  The remainder of the section provides the
manner in which such reports are to be printed and the de-
tails of the information they are to contain.

The language of the section is clear.  It refers to all
justice courts in the state, including those of Harris County.
However, the title of the bill enacting the statute reads:

> An Act relating to the establishment,
> jurisdiction, and operation of municipal
> courts of record in the city of Fort
> Worth, and providing for municipal
> judges and other personnel of the courts;
> prescribing the appeals from a municipal
> court of record; conforming the juris-
> diction of other courts to the municipal
> court of record.

(Emphasis added).   Article 3, section 35 of the Texas Constitution specifies that no bill, other than general appropriations bills, "shall contain more than one subject, <u>which shall be expressed in its title</u>."   (Emphasis added).

The history of this legislation shows that the original bill passed by the House of Representatives late in the regular session of the 65th Legislature was in fact confined to the establishment and operation of municipal courts for the City of Ft. Worth, and the first section of the enactment remains so limited.   The Senate Committee to which the House-passed bill was referred on May 26th amended it on May 27th to include the language now found in section 6 of the statute.   The changed bill was passed by the Senate on the same day.   On the next day, May 28th, the House concurred in the Senate amendments. The title of the bill was never revised to reflect the Senate changes.

The Texas Supreme Court has reiterated that the caption of an act should be liberally construed to uphold its validity; but it has also many times observed that the purpose of article 3, section 35 of the Constitution is to give notice to both the Legislature and the people of the subject matter of the proposed law, thereby preventing the passage of a law upon one subject under the guise of a title which expresses another.   <u>See</u> C. Hayman Construction Co. v. American Indemnity Co., 471 S.W.2d 564 (Tex. 1971); <u>Fletcher v. State</u>, 439 S.W.2d 656 (Tex. 1969).   <u>See also</u> <u>Whaley v. State</u>, 496 S.W.2d 109 (Tex. Crim. App. 1973).   If by its title the bill appears to affect only the residents of particularly designated localities, while the provisions in the body of the bill affect other localities or territory, then the title is misleading and unconstitutional insofar as it affects the unnamed places.   <u>Abernathy County Line Consol. Ind. Sch. Dist. v. New Deal Rural High Sch. Dist. No. 3</u>, 175 S.W.2d 446 (Tex. Civ. App. -- Amarillo 1943, writ ref'd w.o.m.); <u>Sutherland v. Board of Trustees</u>, 261 S.W. 489 (Tex. Civ. App. -- San Antonio 1924, writ ref'd).   See <u>Fletcher v. State</u>, 439 S.W.2d 656 (Tex. 1969); <u>Falkner v. Allied Finance Co. of Bay City</u>, 394 S.W.2d 208 (Tex. Civ. App. -- Austin 1965), writ ref'd n.r.e., 397 S.W.2d 846 (Tex. 1966); 53 Tex. Jur. 2d, Statutes §§ 57 - 59.

In our opinion, section 6 of article 1200ff, V.T.C.S., will be held by the courts to be unconstitutional insofar as it purports to affect justices of the peace in Harris County; the title of the bill which enacted it gave no hint that it would apply to any area other than the city of Fort Worth.   <u>See</u> <u>Weeks v. State</u>, 521 S.W.2d 858 (Tex. Crim. App. 1975).   <u>Cf.</u> V.T.C.S. arts. 1200dd; 1200ee.

## S U M M A R Y

Harris County justices of the peace are not required by section 6 of article 1200ff, V.T.C.S., to publish semi-annual status reports because the caption of the bill which enacted the statute indicated it would apply only to the city of Fort Worth.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst