CLEVELAND et al. v. GAINER et al.
(No. 1010.)

(Court of Civil Appeals of Texas. Amarillo. March 15, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ☞33 — SIZE OF DISTRICT—STATUTE.

Under Acts 33d Leg. c. 129 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815), touching the formation of common school districts and providing that in any county containing a population of less than 10,000 no common school district shall be organized or surveyed so that its geographic center will be more than 4 miles from its farthest boundary, the consolidation, in a county of less than 10,000 population, of two school districts, to result in the creation of a single district 30 miles in length and 16 miles in width, was illegal.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 55; Dec. Dig. ☞ 33.]

2. SCHOOLS AND SCHOOL DISTRICTS ☞111— BONDS—ENJOINING ILLEGAL ISSUE.

Taxpayers and residents of a school district which the county commissioners consolidated with another, forming a single district so large as to be violative of Acts 33d Leg. c. 129 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815) touching the formation of such districts, were entitled to a temporary injunction restraining the commissioners from issuing bonds for the support of a school in the illegal district, and from levying a special tax to pay interest, etc., and restraining the tax collector from collecting or attempting to collect such taxes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 265–268; Dec. Dig. ☞111.]

3. SCHOOLS AND SCHOOL DISTRICTS ☞33—ILLEGAL CONSOLIDATION — CURATIVE PROVISION OF STATUTE—APPLICATION.

The curative provision of Acts 33d Leg. c. 129 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2815), providing that all school districts "heretofore laid out and attempted to be established" and "heretofore recognized" by the county authorities as school districts, are validated in all respects as though they had been duly and legally established in the first instance, which became effective in July, 1913, being retrospective, does not apply to an illegal consolidation of two school districts effected February 11, 1915.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 55; Dec. Dig. ☞33.]

4. SCHOOLS AND SCHOOL DISTRICTS ☞33 — CURATIVE PROVISION OF STATUTE—APPLICATION.

A curative act validating school districts previously established and recognized will not be construed to validate the action of the county commissioners, in consolidating two districts illegally, which was a fraud upon the rights of residents and taxpayers in one of the former districts.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 55; Dec. Dig. ☞33.]

Appeal from District Court, Yoakum County; W. R. Spencer, Judge.

Suit for injunction by George Cleveland and another against J. T. Gainer and others. From an order dissolving a temporary injunction in vacation, petitioners appeal. Reversed and remanded.

W. H. Bledsoe, of Lubbock, for appellants. G. E. Lockhart. of Tahoka, and Kimbrough, Underwood & Jackson, of Amarillo, for appellees.

HALL, J. This is an appeal from an order of the district judge, dissolving a temporary injunction in vacation. Appellants, George Cleveland and Le Roy McCravey, as plaintiffs, presented their petition for injunction to the district judge, in which it is alleged, in substance: That they are residents of Yoakum county. That the defendant J. T. Gainer is the duly elected, qualified, and acting county judge of said county. That D. B. Tingle, S. J. Dixon, P. Z. Conrad, and Pat McHugh are the duly elected, qualified, and acting county commissioners, and with said Gainer constitute the commissioners' court of said county. That J. C. Keller is the duly elected, qualified, and acting tax collector of said county. That Yoakum county is a duly organized county, and now has, and at various dates shown had, a population of less than 10,000. That after the organization of said county, in 1908, the commissioners' court thereof, in the proper discharge of their duties, divided said county into common school districts. That common school district No. 1 was created in the northwest corner of said county so as to include about 275 sections of land. That common school district No. 3 was created in the southwest corner of said county so as to contain about

156 sections of land. That said common school district No. 3 continued to exist with said boundaries from its creation until February 11, 1915, when said commissioners' court entered an order consolidating it with common school district No. 1, to be thereafter known as common school district No. 1; said consolidated district including territory 30 miles in length, extending from the north to the south line of the county and at its widest point being 16 miles east and west. That it contains a large portion of the best lands in said county. That the town of Plains, a village of less than 500 people, is situated on section No. 427, in said original common school district No. 1, near the center of said county north and south and about 14 miles east of the west line of said county. That, at the time of the attempted consolidation of said districts, district No. 1 had a scholastic population of about 54, and district No. 3 had a scholastic population of about 6, and said consolidated district now has a scholastic population of about 75. That the school building for common school district No. 1 was situated in the town of Plains, and is now used for said consolidated district. That plaintiff George Cleveland is a bona fide resident, taxpayer, and voter in said county, and together with his wife and children lives on section No. 643 in district No. 3, about 14 miles from the town of Plains, by section lines. That plaintiff Le Roy McCravey is a bona fide resident, taxpayer, and voter in said county, and with his wife and children lives on section No. 582, in said district No. 3, about 12 miles from the town of Plains, by section lines. That each of said plaintiffs owns the land upon which he resides and has owned the same and resided thereon for many years prior to the attempted consolidation of said two school districts. That at the time of the attempted consolidation of said districts said county had a population of less than 2,000. That the county has a great deal of fine land and should, within a few years, contain many settlers. That said district No. 3 is equal in quality and desirability to any other portion of said county and should well support a large population, as the county settles up, and now, and in the future, will demand and be entitled to public schools, independent of those existing in the town of Plains. That such action of the commissioners' court, in consolidating said districts, was at the request of the citizens of the town of Plains, and those residing in the immediate vicinity, and over the protest of these plaintiffs and a large majority of the residents of said district No. 3. That such action was for the sole purpose of building up a school at the town of Plains, regardless of the fact that it would deprive plaintiffs and the other residents of their district of a school for their children, and compel them to either move to a school community or to another county

that they might have the advantages of a school for their children, such as is guaranteed them by the law. That such act of the commissioners' court was without authority of law and in contravention of the laws of this state. That said consolidation of such districts for the benefit of the school at Plains was in fraud of the rights of plaintiffs and the other residents of district No. 3. That after such consolidation the commissioners' court of said county received and entertained a petition from the citizens of the town of Plains and ordered an election to determine whether or not bonds in the sum of $6,000 should be issued for building a schoolhouse for said district in the town of Plains. Upon said order said election was held, and 36 votes being cast for such bonds, and 20 votes against, on May 11, 1915, the election was declared in favor of the issuance of the bonds and an order entered accordingly. That said bonds are not yet issued, but the commissioners are threatening to issue and sell the same, which, if done, will fix said district so that the limits thereof cannot be reduced during the 20-years' period provided for the maturity of said bonds. That at said time the court ordered and levied a tax of nine cents on the $100 valuation of all property in said district for the purpose of paying the interest on and creating a sinking fund for the payment of said bonds. That in obedience to said order the tax assessor of said county assessed said tax against all property in said consolidated district, including that owned by plaintiffs, and that same now appears on the tax rolls of said county as due by these plaintiffs and other taxpayers of said district, and is, and will continue to appear as, a lien against the property owned by plaintiffs for the amount appearing to be due by them. That thereafter the citizens of the town of Plains petitioned the said commissioners' court to order an election for the purpose of determining whether or not a special tax should be levied against all property in said district for the support of said school. Said election was ordered and held, and an order entered declaring said election had carried, and said court thereupon levied a special tax for the maintenance of said school, said tax being for 30 cents on the $100 valuation, and, under the direction of said court, the county tax assessor assessed said tax, placed same upon the rolls of said county, and same now appears as being due by these plaintiffs and the other taxpayers of said district, and will continue to appear as a lien against their property for the amount claimed to be due by them. That defendant Keller, as tax collector for said county, is demanding and attempting to collect both said tax levies from these plaintiffs and the other taxpayers of said district. That plaintiffs own their property in said district and desire to pay their taxes thereon, but said

collector, acting under the orders and direction of said commissioners' court, refuses to take the taxes legally due by plaintiffs without their paying said special tax so levied, which they claim to be unlawfully assessed against them. That the acts of said commissioners' court, in so consolidating said district, in ordering said bond election, in levying said special tax to pay the interest and sinking fund thereon, and in levying said special tax for the support of the school in said consolidated district, are wholly without authority of law and are in contravention of the laws of this state, and in fraud of the rights of plaintiffs, as well as of many other taxpayers of said district No. 3.

Plaintiffs pray for injunction to restrain the defendants Gainer, Tingle, Dixon, Conrad, and McHugh from issuing and selling said bonds, from levying a special tax against plaintiffs or their property for the purpose of paying the interest thereon or for creating a sinking fund for their payment or for the support of a school in said consolidated district, and from directing and causing the defendant Keller to collect or attempt to collect said special tax from each of the plaintiffs, and restraining the defendant Keller from demanding or collecting said special tax from plaintiffs, and, upon final hearing, that they have judgment making such injunction permanent and setting aside the order of said commissioners' court in consolidating said districts and declaring said order to be void, leaving said districts as they were, and legally are at this time, and declaring said special tax so levied against these plaintiffs to be void and of no effect, and canceling the respective levies thereof, as against plaintiffs.

Upon presentation of the petition, duly verified, to the district judge, in vacation, on January 16, 1916, he granted the injunction as prayed for, making the case returnable to the April term of the district court of Yoakum county. Upon the filing of the petition and bond, the injunction was issued and served. On January 28, 1916, the appellees presented to the court in vacation their motion to dissolve the injunction, it being in effect a general demurrer, whereupon the court sustained the motion dissolving the temporary injunction, but continued the case for hearing at the regular term. Appellants contend that the injunction was properly issued, that the petition was not subject to general demurrer, and that the court erred in sustaining the motion and dissolving the injunction.

[1] The first proposition is that consolidating the two districts resulted in the creation of a district containing 431 sections of land; that its geographical center is more than 4 miles from the farthest line of the district, and is therefore unauthorized and illegal. The allegations are that the county contains a population of less than 10,000.

The Acts of the 33d Legislature, Regular Session, c. 129 (Vernon's Sayles' Ann. Civ. St. 1914, § 2815), relating to the formation of common school districts, provides that in counties containing a population of less than 10,000 no common school district shall be organized or surveyed in such a manner that the geographical center of the same will be more than 4 miles from the farthest line of said common school district. The district in question, being 30 miles in length and 16 miles in width, is clearly a violation of this statute.

[2] The facts, as alleged in the instant case, show a cause of action very similar to that presented to this court in the case of McLaughlin v. Smith, 140 S. W. 248, and which was reviewed by the Supreme Court, 105 Tex. 330, 148 S. W. 288. In both opinions the right to maintain such an action was recognized, and the action of the county commissioners was declared to be a nullity. The right to enjoin the sale of bonds was upheld, and the creation of the Emma district was set aside. We think the rules announced in that case are applicable here.

[3] The appellees contend that because chapter 129, supra, of the Acts of the 33d Legislature, contains this provision, "that all school districts in this state heretofore laid out and attempted to be established by the proper officers of any county, and heretofore recognized by said county authorities as school districts of said county, are hereby validated in all respects, as though they had been duly and legally established in the first instance." We are not called upon in this case to pass upon the question as to whether it is the duty of the county school authorities to redistrict their counties in accordance with the provisions of this act, and shall therefore express no opinion as to the validity of districts 1 and 3, before their consolidation. It is only the matter of consolidation with which we have to deal. The consolidation was effected February 11, 1915. The act in question became effective in July, 1913. The curative provision in the act therefore, being retrospective, does not apply to the consolidated district.

[4] The petition alleges, in substance, that the action of the county commissioners, in consolidating two districts, was a fraud upon the rights of the petitioners and other patrons of the school residing in district No. 3. If this allegation be true, a curative act would not be construed to validate such a proceeding. We would not impute to the Legislature the intention of making that valid which every consideration of equity condemns as fraudulent and void.

We think the court erred in dissolving the temporary injunction, and the judgment so doing is reversed, and the cause remanded. Reversed and remanded.