## LIVE OAK COUNTY BOARD OF SCHOOL TRUSTEES et al. v. WHITSETT COMMON SCHOOL DIST. et al.

### No. 11423.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1944.

Rehearing Denied Aug. 2, 1944.

R. E. Schneider, Jr., of George West, for appellants.

W. T. Scarborough, of Kenedy, for appellees.

NORVELL, Justice.

This is an appeal from a permanent injunction restraining appellants, Live Oak County Board of School Trustees and Three Rivers Independent School District, from carrying out an order passed by the County Board of School Trustees on October 20, 1943, annexing the appellee school districts (Whitsett Common School District No. 1, North Common School District No. 29, and the Nell School District No. 1–5) to the appellant Three Rivers Independent School District.

The facts are undisputed. Articles 2922a, 2922b and 2922c of Vernon's Ann. Civ.Stats., are the statutory provisions involved. The parties agreed in the trial court upon the following statement of the controlling question in the case:

"Did the Three Rivers Independent School District on the 16th day of September, 1943, at the time of the order by the County School Trustees calling the election involved in this suit, contain seven elementary school districts, or was it one school district within the purview of Article 2922c, R.C.S. of Texas?"

In our opinion, the school district called Three Rivers Independent School District, by an order of the County School Trustees of Live Oak County, dated September 16, 1943, was, on said date and as a result of said order, a rural high school district under and by virtue of the provisions of Article 2922c, composed of seven elementary school districts, one of which was an independent school district and six of which were common school districts.

The record shows that on August 18, 1943, the County School Trustees of Live Oak County called an election for the purpose of determining whether or not six common school districts each having a scholastic population of less than 400 should be annexed to the Three Rivers Independent School District, an independent school district having a scholastic population of more than 250. The area embraced within the proposed district was in excess of one hundred square miles. At the election held as a result of the call mentioned, the annexation proposition carried by a vote of 280 to 146. The entire area of the proposed district was considered as a unit for the purposes of the election. The boards of trustees of the various school districts affected did not, however, give their approval to the proposed annexation. The election was therefore one relating to the formation of a rural high school district containing over one hundred square miles in area, as provided for by Article 2922c.

On September 16, 1943, the county trustees passed on order declaring the result of the election and reciting that: "By reason of said annexation the said Three Rivers Independent School District is now enlarged and the entire area covered by the above named school districts shall be known as the Three Rivers Independent School District, and said district as so enlarged shall retain its status as an independent school district and shall continue to operate as an independent school district under the provisions of law relating thereto; * * *"

Also, on September 16, 1943, the county trustees ordered another election to determine whether or not appellee districts, namely, Whitsett No. 1, North No. 29 and Nell No. 1–5, should be annexed to Three Rivers Independent School District. An election was held as a result of this order and the proposition in favor of annexation carried by a vote of 220 to 132, throughout the proposed district, which for voting purposes was considered as a unit. However, the vote in each of the appellee districts was against annexation. None of the

848

boards of trustees of appellee districts gave its consent to the proposed annexation. The area of the proposed district was in excess of one hundred square miles and the proceedings, including the election, were purportedly had and carried out in accordance with the provisions of Article 2922c.

In State v. Cadenhead, Tex.Civ.App., 129 S.W.2d 743, 745, writ refused, Mr. Justice Funderburk, in discussing Articles 2922a, 2922b, and 2922c, said:

"Similarly, school districts were authorized under said Arts. 2922a and 2922c, to be grouped, or annexations of one or more to another made, to form a Rural High School District, according to different circumstances or combinations of fact, as follows: (a) By grouping contiguous common school districts having less than 400 scholastic population; (b) by grouping independent school districts having less than 250 scholastic population; (c) by annexing one or more common school districts to a common school district having 400 or more scholastic population; (d) by annexing one or more independent school districts having less than 250 scholastic population to a common school district having 400 or more, scholastic population; (e) by annexing one or more common school districts to an independent school district having 250 or more scholastic population, and (f) by annexing one or more independent school districts having less than 250 scholastic population to an independent school district having 250 or more scholastic population.

"Applicable to only one of said circumstances, (e) is the provision of R.S.1925, Art. 2922b that 'all independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in Article 2922a shall retain its status and *name* as an *independent school district* and shall continue to operate as an *independent school district* under the provisions of the existing laws and the laws hereafter enacted governing other *independent school districts,* except as otherwise provided for herein.' * * *"

Appellants contend here that, by reason of the provisions of Article 2922b, Three Rivers Independent School District, as enlarged by virtue of the order of September 16, 1943, and as a result of the election held prior thereto became not only a rural high school district, but also an enlarged independent elementary school district, and that the common school districts annexed thereto ceased to have legal existence as elementary school districts. The proviso of Article 2922b, that an independent school district enlarged by annexation thereto shall retain its status and name as an independent school district, etc., is limited to those enlarged by annexation "as provided for in Article 2922a." Annexations under Article 2922a can only be had "upon the approval of the board of trustees of each school district affected." Article 2922b does not refer to Art. 2922c, which permits annexations upon a majority vote of the electors within the proposed district, providing not more than seven elementary districts are involved.

The general rule stated in 37 Tex. Jur. 901, § 41, has application here: "Where districts are 'grouped' or 'annexed' under the Rural High School Act, the grouping does not have the effect of abolishing the several component districts. Each district retains its identity, and separate elementary schools must be maintained therein."

We might also point out that Article 2922c provides that the county school trustees may form a rural high school district containing more than seven elementary districts only "upon a vote of a majority of the qualified voters in each of the elementary districts within such proposed rural high school district." If appellants' contentions be accepted, it is clear that this provision of Article 2922c could be rendered wholly ineffective by means of a series of annexation elections, similar to those ordered by the county trustees as disclosed by the record here. One portion of the Act of the Legislature (Article 2922b) will not be construed so as to effectively defeat the public policy of the State as declared in another portion of the same Act (Art. 2922c).

The decree of the trial court is affirmed.