LIVE OAK COUNTY BOARD OF SCHOOL TRUSTEES et al. v. NORTH COMMON SCHOOL DIST. et al.

No. 11615.

Court of Civil Appeals of Texas.
San Antonio.

June 5, 1946.

As Modified on Denial of Rehearing
July 3, 1946.

R. E. Schneider, Jr., of George West, and Johnson & Rogers, of San Antonio, for appellants.

W. T. Scarborough, of Kenedy, for appellees.

NORVELL, Justice.

This is an appeal from a perpetual injunction restraining the Live Oak County Board of School Trustees and the Three Rivers Independent School District from attempting to exercise jurisdiction over North Common School District No. 29, and Nell School District.  All districts here involved are located in Live Oak County, Texas.

This litigation grows out of various attempts on the part of the Live Oak County Board of Trustees to effect an enlargement of the Three Rivers Independent School District.

Stated in chronological order, the various actions of the County Board are as follows:

On August 18, 1943, the County Board called an election to be held upon September 10, 1943, to determine whether or not six common school districts should be annexed to the Three Rivers Independent School District. The area involved was in excess of 100 square miles.

The election was held on the date specified, and on September 16, 1943, the County Board entered an order declaring that the vote throughout the area affected was favorable to annexation; the vote being 280 for annexation and 146 against annexation. The order further provided that, "By reason of said annexation the said Three Rivers Independent School District is now enlarged and the entire area covered by the above-named school districts shall be known as the Three Rivers Independent School District, and said district as so enlarged shall retain its status as an independent school district and shall continue to operate as an independent school district under the provisions of law relating thereto: * * *".

On September 16, 1943, the County Board ordered another election to determine whether or not the Whitsett, Nell and North School Districts should be annexed to the Three Rivers Independent School District. The Board proceeded upon the theory that the enlarged Three Rivers Independent School District was an independent school district.

An election was held on October 14, 1943, which resulted in a vote throughout the area involved in favor of annexing the Whitsett, Nell and North Districts to the Three Rivers District, although the vote in each of the districts sought to be annexed was against the annexation proposition.

On October 20, 1943, the County Board passed an order which recited that an election was held on October 14, 1943, in pursuance of a call therefor issued on September 16, 1943, and that the proposition to annex the Whitsett, Nell and North School Districts to the Three Rivers Independent School District carried by a vote of 220 to 132, in the area at large. The order further provided that "the said Whitsett School District No. 1, the North School District No. 29, and the Nell School District No. 1–5 be, and they are hereby, annexed to the Three Rivers Independent School District, an independent school district of Live Oak County, Texas. * * *

"By reason of such annexation the said Three Rivers Independent School District is now enlarged so that it covers the entire area shown on the official map of all school districts of Live Oak County, Texas, as the following districts:

"Three Rivers Independent School District, Toms School District, Mountain View School District, Maples School District, Ray Point School District, Fant City School District, Oakwood School District, Whitsett School District, Nell School District, and North School District, said map being in the office of the tax assessor and collector of Live Oak County, Texas.

"Said district as so enlarged shall be known as the Three Rivers Independent School District, and said district shall retain its status as an independent school district and shall continue to operate as an independent school district under the provisions of law relating thereto; * * *."

In Live Oak County Board of School Trustees et al. v. Whitsett Common School District et al., 181 S.W.2d 846, writ refused (hereinafter referred to as the Whitsett case), this Court held that the school district called the Three Rivers Independent School District, by the order of the County Board of September 16, 1943, was on said date, by virtue of said order and the law applicable thereto, a rural high school district composed of seven elementary school districts. We further held that the Board's order of October 20, 1943, which purported to annex the Whitsett District, the North District and the Nell District to the Three Rivers Independant School District was invalid, as such order was unsupported by statutory authority. The judgment of this Court became final on August 1, 1944.

The Forty-ninth Legislature adopted a validating act relating to independent school districts, which became effective on April 3, 1945. H. B. 440, Acts 1945, 49th Leg. p. 89, Ch. 63, Article 2815g—30, Vernon's Ann.Civ.Stats.

This Act contains provisions reading as follows:

"Sec. 3. All independent school districts enlarged by order of the County Board of School Trustees of the county in which such district is located by the annexation thereto of one or more common school districts * * * after an election held in the area at large at which election a majority of the votors voting at such election voted in favor of such annexation and enlargement are hereby in all things validated and confirmed; and the independent school districts so enlarged by such order of the County Board of School Trustees are hereby declared to be duly established and created independent school districts and the one or more common school districts so annexed to such independent school districts are hereby declared to be abolished as separate elementary districts and are hereby declared to be an integral part of the enlarged independent school district to the same extent as if originally a part of such independent school district at the time of its original establishment or creation; * * *.

"Sec. 4. All Acts of the County Board of School Trustees of the county in which such enlarged independent school district is located in determining the character and status of the districts involved, in such annexation proceeding, in calling the elections involved, in giving notice thereof and all acts of the election officers in holding said elections and preparing and making the returns thereof, and all acts of such County Board of School Trustees in canvassing the returns of said elections and declaring the results thereof and in enlarging the independent school district involved by the annexation thereto of one or more common school districts are hereby in all things validated and confirmed and the fact that by inadvertence, or oversight or mistake in determining the character or status of any of the districts involved, or in omitting any act required by law of any such officers in and about such enlargement of an independent school district by such annexation shall not invalidate any such district so established or created by such annexation proceeding."

On April 7, 1945, the County Board entered an order reciting that an election had been held pursuant to call to vote upon the proposition of whether or not the Nell and North School Districts should be annexed to the Three Rivers Independent School District, and that the annexation proposition had been carried by a vote of 158 for, to 92 against, said proposition. The order provided that:

"It is accordingly ordered that the North School District No. 29 and the Nell Common School District be, and they and each of them are hereby, annexed and made a part of the Three Rivers Independent School District.

"By reason of said annexation the Three Rivers Independent School District is now enlarged so that it covers the entire area formerly covered by said three districts, the area covered being the entire area shown on the plat in the county school superintendent's office as the Three Rivers Independent School District and the North Common School District No. 29 and the Nell Common School District and likewise by the map in the office of the tax assessor and collector in Live Oak County, Texas.

"Said district as so enlarged shall be one and only one district and shall be known as the Three Rivers Independent School District, and said district as so enlarged shall retain its status as an independent school district and shall continue to operate as an independent school district under the provisions of law relating thereto; * * *."

The adoption of this last order by the County Board gave rise to this litigation.

We are of the opinion that this appeal is determined by the proper effect to be given to the 1945 validating act passed by the Legislature. We have set out in detail the provisions of the orders of the County Board relative to annexation of other school districts to the Three Rivers Independent School District. The clear purport of the order of September 16, 1943, and the order of October 20, 1943, was to provide for one independent school district having jurisdiction over both the elementary and high schools within the area. If

we assume that these orders were supported by statutory authority, the language of the orders evidence a clear intention to create and provide for an independent school district.

In the Whitsett case we held that the order of September 16, 1943, could not be given the effect of establishing an enlarged independent school district, because the Legislature had not provided that an enlarged independent school district could be established by the methods pursued by the Board in the light of the attendant fact circumstances. In view of the law as it existed at that time, the utmost effect that could be given to the order was that of forming a rural high school district composed of seven elementary districts. Likewise, for want of statutory authorization, we declared that the order of October 20, 1943, attempting to annex the Whitsett, Nell and North Districts to the Three Rivers Independent School District were wholly ineffective.

However, in 1945, the Legislature supplied the lack of statutory authorization by expressly providing, by means of a validating act, that the steps which the County Board had taken were sufficient to create and establish an enlarged independent school district.

With reference to the authority of the Legislature over schools and school districts, it was said by the Fort Worth Court of Civil Appeals, in Cowan v. Clay County Board of Education, 41 S.W.2d 513, 516, writ refused, that: "It is to be noted that these sections of the Constitution (Article 7, §§ 1 and 3, Texas Constitution) do not prescribe the procedure to be observed by the Legislature in establishing the system of our public free schools, nor do the sections contain any limitation of the legislative power as to time or circumstance when the power is to be exercised. Nor do we find in any other part of our Constitution any clause that infringes upon or limits the wide powers given by the sections quoted. It must therefore be held, we think, that the Legislature, at the time of the enactment of the validating act under consideration, had full power to make changes in districts or to constitute them in the manner and form attempted by the county board of school trustees of Clay county. This being true, as we think, under the authorities above cited, the trial court committed no error in the rendition of the judgment under consideration."

In Desdemona Independent School District v. Howard, Tex.Com.App., 34 S.W. 2d 840, 842, it was said: "The above act is sufficient, by its terms, to validate the Desdemona independent school district as created by the act of the Thirty-Eighth Legislature with its bonds assumed and issued and its maintenance taxes. Even though it be admitted that the act was originally unconstitutional, a question we do not now pass on, it is now settled that the Legislature has power to enact curative statutes of this character, and, when passed, such acts have effect to validate the district from its inception. Tom Green County v. Moody, etc., 116 Tex. 299, 289 S.W. 381; Anderson County, etc., v. Pollard, 116 Tex. 547, 296 S.W. 1062; Western Union Tel. Co. v. Wichita County Water Improvement District, Tex.Com.App., 30 S.W.2d 301. We also here refer to the case of Brown v. Truscott Independent School District, 34 S.W.2d 837, this day decided by this section of the Commission."

In our opinion, the fact that this Court had, prior to the time of the passage of the validating act mentioned, entered an order affirming the judgment of a trial court adjudging that the attempted formation of the enlarged Three Rivers Independent School District was ineffective and nugatory, does not prevent the validating act from being operative and effective. Our judgment was based upon the law as it existed prior to August 3, 1945. This case must be decided under the law as it exists subsequent to the date upon which the validating act became effective.

The validating act provides that "the provisions of this law shall not apply in any instance where the consolidation, annexation or abolition is in litigation in any of the Courts of this State at the time of the passage of this Act," but does not contain an exception relating to attempted consolidations or annexations which have been declared invalid by final judgments of

Courts of competent jurisdiction. Litigation which has terminated in a final judgment is no longer pending.

The effect of a validating act passed subsequent to the rendition of a final judgment by a judicial tribunal declaring void the formation of a district sought to be validated by the Legislature is fully discussed in the case of Hodges v. Snyder, 45 S.D. 149, 186 N.W. 867, 25 A.L.R. 1128. See also State of Texas v. Powell, 63 Tex.Civ. App. 405, 134 S.W. 746, writ refused.

■ We hold that by reason of the validating act discussed, Article 2815g—30, Vernon's Ann.Civ.Stats., the territory formerly included within the Nell and North School Districts must be considered as being an integral part of the Three Rivers Independent School District and as having had such legal status, from and after the County Board's order of October 20, 1943. By proper legislative action, the attempted enlargement of the district as evidenced by the order was made effective and said district as so enlarged was validated from its inception. Desdemona Independent School District v. Howard, Tex.Com.App., 34 S.W.2d 840. From this holding, it follows that the injunction issued by the trial court should be vacated, and makes unnecessary a discussion of other and alternative matters raised in the briefs of the parties to this suit.

Appellees urge that the case of State ex rel. Flores v. Bravo, County Judge, 162 S.W.2d 1052, writ refused, by this Court, is authority supporting the broad proposition that *any* validating act can legally apply only to school districts where (a) there has been a bona fide attempt by *proper authority* to lay out and establish a district, and (b) the State and county authorities have recognized the district sought to be established. The particular validating acts involved in the Bravo case expressly provide for these two elements as fact requisites for validation. It seems to be the practice or custom of the Legislature at each session to validate all school districts theretofore laid out and established or attempted to be established by the proper officers of any county, and recognized as school districts by either State or County authorities. Such an act was passed by the 49th Legislature. Acts 1945, 49th Leg. p. 260, Ch. 192, Art. 2815g—32, Vernon's Ann. Civ.Stats., and by preceding Legislatures. See Article 2815g—2 et seq., Vernon's Ann. Civ.Stats.

Here we are concerned with a validating act prescribing different fact requisites from those prescribed in the validating acts considered by us in the Bravo case.

Being of the opinion that the particular act relied upon by appellants, Acts 1945, 49th Leg., p. 89, Ch. 63, Art. 2815g—30, Vernon's Ann.Civ.Stats., has the effect of validating the establishment of the Three Rivers Independent School Districts as enlarged so as to include the Nell and North School Districts, the judgment of the trial court is reversed, the injunction issued by said court vacated, and judgment here rendered that appellees take nothing.

Reversed and rendered.