NORTH COMMON SCHOOL DISTRICT ET AL V. LIVE OAK COUNTY BOARD OF SCHOOL TRUSTEES ET AL.

No. A-1000. Decided November 13, 1946.
(199 S. W., 2d Series, 764.)

*W. T. Scarborough,* of Kenedy, for petitioners.

It was error for the Court of Civil Appeals to hold that the clear purport of the two orders was one providing for one independent district having jurisdiction of both the elementary and high schools within the area; that the territory formerly embraced in the common school district became an integral part of the independent district; and that the orders were supported by

statutory authority. State v. Bravo, 162 S. W. (2d) 1052; Tomlinson v. Hunnicutt, 147 S. W. 612; Weaver v. Board of Trustees, 184 S. W. (2d) 864.

*R. E. Schneider, Jr.,* of George West, and *Johnson & Rogers,* of San Antonio, for respondents.

In answer to the proposition of petitioners respondents cite Desdemona Ind. Dist. v. Howard, 34 S. W. (2d) 840; State of Texas v. Powell, 134 S. W. 746; Cowen v. Clay County Board of Education, 41 S. W. (2d) 513; 37 Texas Jur., 865, sec. 17.

MR. CHIEF ALEXANDER delivered the opinion of the Court.

In 1943 the Board of School Trustees of Live Oak County, after an election, annexed six small common school districts to the Three Rivers Independent School District in said county. Immediately thereafter the Board ordered another election to determine whether North Common School District, Nell Common School District, and Whitsett Common School District in said county schold be annexed to the enlarged Three Rivers Independent School District. The election was held October 14, 1943. The vote throughout the proposed district was favorable to annexation, but the vote in the districts to be annexed was against annexation. However, on October 20, 1943, the County Board entered an order declaring that the election had carried for annexation and ordered said three common school districts annexed to the Three Rivers Independent School District.

Litigation ensued, resulting in a judgment declaring that the attempted annexation of North, Nell, and Whitsett Common School Districts was ineffective and enjoining the Three Rivers Independent School District from exercising any authority over the above-named common school districts. That judgment was affirmed by the Court of Civil Appeals, and this Court refused a writ of error. See Live Oak County Board of School Trustees v. Whitsett Common School District, 181 S. W. (2d) 846. Application for writ of error in the above cause was refused October 18, 1944. (142 Texas 720). No motion for rehearing was filed.

Thereafter, on March 8, 1945, the County Board of School Trustees ordered another election to determine whether North and Nell Common School Districts should be annexed to Three Rivers Independent School District. This election was held on April 2, 1945, but the returns had not been canvassed on April

3rd. (A majority of those voting in the area at large in this election voted in favor of annexation, but the vote in the districts to be annexed was against annexation. This, however, appears to be immaterial to the decision of this case). While the matter was in this status the Legislature enacted a validating act, effective April 3, 1945, by which it validated all independent school districts which had theretofore been enlarged by order of the County Board of School Trustees "after an election held in the area at large, at which election a majority of the voters voting at such election voted in favor of such annexation and enlargement." The essential provisions of the Act (Acts 1945, 49th Leg., ch. 63, p. 89) are set out in the opinion of the Court of Civil Appeals (195 S. W. (2d) 436) and need not be copied here.

Thereafter Three Rivers Independent School District took the position that the order of the School Board of October 20, 1943, annexing North, Nell, and Whitsett Common School Districts to the Three Rivers Independent School District, had been validated by the validating act above referred to. As a consequence North and Nell Common School Districts brought this suit to enjoin the Three Rivers Independent School District from exercising any authority over said common school districts. The trial court held that the validating act was not applicable to the facts presented in this case, and as a result declared that said common school districts had not been annexed to the independent school district. This judgment was reversed by the Court of Civil Appeals and judgment was there rendered holding that said common school districts had been annexed to and were a part of the Three Rivers Independent School District. 195 S. W. (2d) 436.

At the time we granted the writ of error we were tentatively of the opinion that the validating act had no application to the district in question because prior to the adoption of the validating act it had been finally adjudicated that the attempted consolidation by election was ineffective, and further because the district was not then being recognized as a validity existing consolidated district. Upon further consideration, however, we have concluded that we were in error in granting the writ.

■ Very clearly, the Board of School Trustees had attempted to annex the North, Nell, and Whitsett Common School Districts to the Three Rivers Independent School District by its order of October 20, 1943. An election had been called for that

purpose and a majority of the voters voting in the area at large at the election had voted in favor of the annexation and enlargement. The order thereafter entered by the Board provided specifically that said common school districts were annexed to the Three Rivers Independent School District and that the enlarged district should be known as the Three Rivers Independent School District and should retain its status as an independent school district. The enlarged district, therefore, came clearly within the terms of the validating act.

■ Generally the Legislature has authority to enlarge or consolidate school districts in such manner as it deems fit (Love v. City of Dallas, 120 Texas 351, 40 S. W. (2d) 20; 37 Tex. Jur. 865); and curative acts creating such districts have frequently been sustained even though previous attempts by the County Board of School Trustees to create such districts were defective. 37 Tex. Jur. 898 and authorities there cited.

■ It appears to be definitely settled that a previous judicial decision holding that an attempted organization of a school district was invalid under existing law does not prevent the passage by the Legislature of an act curing the alleged defect. Hodges v. Snyder, 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819; Id. 45 S. D. 149, 186 N. W. 867, 25 A. L. R. 1128; State of Texas v. Powell, 134 S. W. 746 (writ refused); Pennsylvania v. The Wheeling and Belmont Bridge Co., 59 U. S. (18 How.) 421, 15 L. Ed. 435. Hence, the fact that judgment had theretofore been entered holding the attempted consolidation invalid does not alter the case.

■ The Act in question contained a provision to the effect that its provisions should not apply in any instance in which the validity of the consolidation or annexation was in litigation at the time of the passage of the Act. However, this provision has no application here for while the validity of this annexation had been in litigation, the suit had terminated in a final judgment prior to the enactment of the validating act. The trial court found that there was no litigation pending in any of the courts of this State involving the annexation and consolidation of this district at the time of the passage of the validating act.

It is asserted that the validating act is not applicable in this instance because the district was not "recognized" as a valid district at the time of the passage of the curative act. Frequently the Legislature in enacting such curative acts has pro-

vided that they shall apply only to districts "heretofore recognized" as valid. See Acts 1913, 33rd Leg., ch. 129, p. 259, discussed in Cleveland v. Gainer, 184 S. W. 593; Vernon's Ann. Civ. Stats., Art. 2815-2; Acts 1931, 42nd Leg., 2d C. S., ch. 39, p. 63; Acts 1915, 34th Leg., 1st C. S., ch. 28, p. 56. In fact, two other validating acts passed at the same session of the Legislature as the one here under consideration contained such a provision. Acts 1945, 49th Leg., ch. 192, p. 260; Id. ch. 275, p. 434. Other validating acts have provided that they shall not apply to previously created districts which had later returned to their original status. Acts 1931, 42nd Leg., ch. 257, p. 426; Acts 1933, 43rd Leg., ch. 31, p. 60 Acts 1935, 44th Leg., ch. 221, p. 530. But the act here under consideration contains no such exception.

■ An exception to a statute will sometimes be implied where this is necessary to give effect to the legislative intent, but not otherwise. 50 Amer. Jur. 452; 39 Tex. Jur. 191. There is nothing in this statute to justify an inference that the Legislature intended to exclude those districts that were not then being recognized as valid by the School Board. Moreover, the fact that the act contained one exception—where the validity of the district was in litigation at the time of the passage of the Act—would seem to mark the limit of the exclusions and to repel any implication that there should be any other exceptions. Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Texas 21, 52 S. W. (2d) 56; 39 Tex. Jur. 191; First Texas State Ins. Co. v. Smalley, 111 Texas 68, 228 S. W. ·550. Under the circumstances we would not be at liberty to add such an exception not provided for in the act. 50 Amer. Jur. 452. Since the attempted annexation comes clearly within the terms of the curative act, we must hold that it is controlled thereby.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 13, 1946.