**CITY OF McALLEN et al. v. MORRIS et al.**

No. 11890.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 1, 1948.

Rehearing Denied Jan. 5, 1949.

Greer, Cox & Patterson, of McAllen, for appellants.

Cox, Dyer & Taylor, of McAllen, for appellees.

NORVELL, Justice.

This is an appeal from an order permanently enjoining the City of McAllen, its commissioners, city manager and a contractor employed by the City, from constructing or operating a fire station on Lot One and the north forty feet of Lot Two in Block One of the North McAllen Subdivision, said tract of land being owned by the City of McAllen and located on the corner of Hackberry and Tenth Streets in the northern part of said City.

This injunction was obtained by Henry C. Morris, Jr., and R. F. Clements, who own property in the immediate vicinity of the proposed fire station. The basis of the injunction is the allegation that the construction of the fire station would violate the zoning ordinance of the City of McAllen.

Trial was to the court without a jury and the facts are for the most part undisputed. Our analysis of the case differs substantially from that adopted by the trial court, but, as we see it, the controlling question is whether or not the governing body of the City of McAllen in the exercise of its legislative authority may legally provide that the provisions of a zoning ordinance shall not prevent the location of a municipal fire station within the restricted areas designated in said zoning ordinance.

The following appears from the trial court's findings of fact, or is otherwise conclusively shown by the record:

The City of McAllen is a Home Rule City, Article XI, § 5, Texas Constitution, Vernon's Ann.St., Articles 1165–1182f, Vernon's Ann.Civ.Stats., and in 1945 the City Commission of said City adopted a comprehensive zoning ordinance in accordance with the Zoning Enabling Act. Acts 1927, 40th Leg. p. 424, Ch. 283, Articles 1011a to 1011j, incl., Vernon's Ann.Civ.Stats. The ordinance divided the city into a number of zones, with various restrictions applying thereto. The most highly restricted zone was designated as "Residence A", wherein one family residential units only were permitted. The proposed location of the city fire station at the corner of Tenth and Hackberry lies within a "Residence A" zone or district.

Provision is made for a board of adjustment in accordance with the terms of Article 1011g and during the latter part of the year 1947 the City petitioned said board for the allowance of an exception permitting the City to construct and operate said fire station at said location despite the restrictions applying to said "Residence A" district or zone.

One of the five members of the board was disqualified as he had signed a protest against the proposed location of the fire station and one member voted against the granting of the exception. Although the remaining three members of the board of adjustment voted in favor of the City's petition, the exception was not allowed because of the statutory requirement that the concurring vote of four members of the board shall be necessary to effect a variation from the terms of the zoning ordinance. This proceeding before the board of adjustment was taken on December 17, 1947, and no appeal was taken from the board's failure to grant the exception requested by the City.

The City Commission, as the legislative authority of the City of McAllen, after having taken all necessary preliminary steps, amended the zoning ordinance on February 5, 1948, by adding an additional subsection to said ordinance. In effect the amendment provided that the area district restrictions of the zoning ordinance should not apply to municipal buildings and structures "deemed necessary by the Board of Commissioners of McAllen for the safety, health, and general welfare of the public."

■ In view of the evidence before us, it can not be said that this amending ordi-

nance (if otherwise valid) is not enforcible because it is arbitrary and constitutes an abuse of discretion upon the part of the City Commission. There is ample evidence here, both in the form of oral testimony and by stipulation which reasonably supports the Commission's action in locating a fire station in the northern portion of the City of McAllen and upon the particular site chosen. The question presented by this appeal does not relate to the reasonableness of the action taken, but rather to the authority of the Commission to adopt the ordinance under the circumstances disclosed by the record.

Passing now to the question of the authority of the City Commission, it should be noted that the words of the amending ordinance, "safety, health and general welfare" are those ordinarily used in describing and generally defining the "police power", one of the most important fields of governmental authority. A city is one of the most ancient and familiar forms of municipal organizations and has vested in it the responsibility for protecting its inhabitants against violence and their property against destruction by fire. Governmental authority accompanies and is commensurate with responsibility. The supreme governing body of the City of McAllen is its City Commission, and absent some restraint imposed by constitutional provision or by action of the State Legislature we are not inclined to adopt a restrictive view of the powers of the City Commission in exercising its functions under the police power.

We find nothing in the zoning enabling act, Articles 1011a to 1011j, inc., that indicates an intention on the part of the Legislature to transfer the responsibility for providing protection against fire from the governing body of a city to the board of adjustment provided for by Article 1011g. Further, as we view it, the provisions of the zoning enabling act do not preclude the legislative body of a city from providing in a comprehensive zoning ordinance that such ordinance shall not prevent the city from erecting in any zone such municipal buildings and structures as may be deemed necessary for the safety, health and general welfare of the public.

If the city could make such provision in the original ordinance, it could likewise make such provision by amendment to the original ordinance as was done in this case, provided of course that the amending ordinance be not the result of an arbitrary action. Barrington v. City of Sherman, Tex.Civ.App., 155 S.W.2d 1008.

As above pointed out, the record will not support a finding that the City Commission acted arbitrarily in amending the zoning ordinance. The amendment being valid, it follows that the action of the members of the board of adjustment in failing to vote approval by the required statutory majority of a requested exception under the ordinance as it existed prior to the amendment, can not be given an effect similar to that of res judicata as against the city which now seeks to proceed under the ordinance as amended. Appellees, under the original zoning ordinance, acquired no rights which would preclude the lawful exercise of the police power by the governing body of the City. The Live Oak County School District cases seem illustrative of the principle of law involved here. Live Oak County Board of School Trustees v. Whitsett Common School District, Tex. Civ.App., 181 S.W.2d 846, wr. ref.; Live Oak County Board of School Trustees v. North Common School District, Tex.Civ. App., 195 S.W.2d 436; North Common School District v. Live Oak County Board of School Trustees, 145 Tex. 251, 199 S.W. 2d 764. The doctrine of res judicata is not applicable in view of the change effected in the legislative situation by the amendment to the zoning ordinance.

There are numerous contentions presented in the well prepared briefs filed by the parties. A discussion of these matters is not necessary to a decision of this appeal and we rest our decision upon the holdings above indicated relating to the power and authority of the City Commission, acting in its legislative capacity.

The decree appealed from is reversed; the injunction against appellants is vacated and judgment here rendered that appellees' take nothing.