## FAIRFIELD INDEPENDENT SCHOOL DIST. et al. v. STREETMAN INDEPENDENT SCHOOL DIST. et al.

No. 2867.

Court of Civil Appeals of Texas. Waco.

July 14, 1949.

Rehearing Denied Aug. 9, 1949.

652

See, also, Tex.Civ.App. 219 S.W.2d 603.

Bowlen Bond, Teague, Harold Williford, Fairfield, for appellants.

Tyson, Dawson & Dawson, Corsicana, Bradley & Geren, Groesbeck, for appellees.

HALE, Justice.

This is an appeal from an order granting a temporary injunction. The order was entered in a suit attacking the validity of certain proceedings had in an effort to establish and operate a rural high school district under the provisions of Chapter 19A of Title 49, Vernon's Tex.Civ.Stats. The suit was brought by appellees, Streetman Independent School District, St. Elmo Common School District No. 46, their several trustees and certain taxpaying citizens, against appellants, Fairfield Independent School District, Burnet's Chapel Common School District No. 35, Fairfield Consolidated Independent School District, their several trustees, the County Board of School Trustees and the County Superintendent, all of Freestone County. The school districts involved will hereafter be referred to as Streetman, St. Elmo, Fairfield, Burnet's Chapel and Fairfield Consolidated, respectively.

As grounds for relief appellees alleged in substance that appellants had attempted by various acts occurring on or about August 25th and September 29th of 1948 to create a rural high school district embracing the territorial areas of Streetman, St. Elmo, Fairfield and Burnet's Chapel under the name of Fairfield Consolidated; that appellants thereafter attempted to hold an election on March 30, 1949, within the combined territory in order to determine whether the recently created high school district should assume the outstanding bonded indebtedness of Streetman and Fairfield as consolidated and, if so, as to whether a tax should be levied for the pay-

ment thereof; that the proceedings incident to the attempted creation of such rural high school district and the purported election of March 30, 1949, were null and void; that a majority of the votes cast in the purported election of March 30th were favorable to the propositions therein submitted; and that, unless restrained and enjoined from doing so, appellants would enforce the results of the election, would impose new and additional taxes and otherwise interfere with appellees in the management of their schools. They prayed for the immediate issuance of a temporary restraining order to be followed upon notice and a hearing by a temporary injunction, restraining and enjoining appellants from attempting to enforce the results of the election so held on March 30, 1949, from entering any order based thereon and from interfering in any other manner with the operation of Streetman or St. Elmo. They also prayed that upon final hearing the temporary injunction be made permanent and that all the proceedings had in the claimed creation of Fairfield Consolidated as a rural high school district be adjudged null and void. Upon a hearing of the application for a temporary injunction the same was granted and an order was entered for the issuance of the writ sought.

Appellants say the court below erred in granting the writ because the evidence submitted upon the hearing of the application was insufficient to show that the proceedings of which complaint is made were illegal or void. They assert in substance that such proceedings and the elections held in pursuance thereto were shown to have been had in substantial compliance with the provisions contained in Arts. 2922a et seq. of Vernon's Tex.Civ.Stats.; that if there was any irregularity or insufficiency in any of the proceedings, then such irregularities and defects, if any, were rendered immaterial by a certain validating act passed and approved on March 8, 1949; and that appellees were not entitled in any event to injunctive relief in this suit because the legality of the formation of a school district cannot be successfully attacked except through a direct suit in the nature of a quo warranto brought by the State of Texas.

Chapter 19A of Title 49, Vernon's Tex.Civ.Stats., provides in detail for the establishment, operation and control of rural high school districts as part of the general system of public education in this State. Art. 2922a thereof authorizes the county school trustees of any organized county to form such districts in the manner and for the purpose therein set forth. Art. 2922c provides that no such district shall contain a greater area than one hundred square miles except upon a majority vote of the qualified electors within the proposed district. Art. 2922d provides that "The county board of trustees of two or more adjoining counties shall have the authority, upon the written order of a majority of the members of each county board concerned, to establish a county line rural high school district." It has been held by this court that the statutory provisions relating to the creation and operation of rural high school districts should be liberally construed with a view to effectuating the intention of the Legislature in the enactment thereof. County Board of School Trustees of Limestone County et al. v. Wilson et al., Tex.Civ.App., 15 S.W.2d 144, pt. 5, er.dis. See also: Elliott Common School Dist. No. 48 et al. v. County Board of School Trustees, Tex.Civ.App., 76 S.W.2d 786, pt. 1, er. dis.

The evidence submitted on the hearing of the application shows that the territory within the proposed district contained a greater area than one hundred square miles. A part of the territorial area of Streetman and St. Elmo is within Navarro County but the Freestone County school authorities have exercised supervision over each of these county line districts for many years. On August 25, 1948, the Superintendent and School Board of Navarro County met with the Superintendent and School Board of Freestone County at Fairfield for the purpose of discussing together the proposed rural high school district and the holding of an election within the proposed district as a necessary prerequisite to the

establishment thereof. After discussion the parties arrived at a verbal agreement. In pursuance thereof the Freestone County Board duly passed an order in proper form on that day, calling for an annexation election to be held within the proposed district on September 21, 1948, in order that the qualified electors thereof might determine whether Streetman, St. Elmo and Burnet's Chapel should be annexed to Fairfield Consolidated under the provisions of Arts. 2922a and 2922c of the statutes. A copy of this order was furnished to the Navarro County Board. On the same day the Navarro County Board, after returning to Corsicana, passed an order concurring in the action taken by the Freestone County Board in calling the annexation election and caused a properly certified copy thereof to be forwarded to the Freestone County Board. This certified copy recited that the Navarro County Board did "in all things concur in and approve said order" so made and entered by the Freestone County Board "and all orders and proceedings for completing said annexation."

The annexation election was held on September 21, 1948. The Freestone County Board met on September 29, 1948, duly canvassed the returns from the election, determined that a majority of the votes cast therein were for annexation and entered its order that Streetman, St. Elmo and Burnet's Chapel "be and they are hereby annexed to" Fairfield Consolidated for the purpose of establishing and operating a rural high school district under the name of the latter "with all the rights and privileges as provided by the Constitution and Laws of the State of Texas." After the Navarro County Board passed its order on August 25, 1948, concurring in the calling of the annexation election it took no further action relating to the formation or operation of the proposed district.

As we understand their contentions appellees say in effect that the act of the Navarro County Board in passing its order of August 25th was only a futile effort to concur in the calling of the annexation election and that such action was wholly void because the order was passed by the members of the Board while they were seated in their parked car outside of the Navarro County Courthouse and not in the office of the County Superintendent as required by Art. 2687 of Vernon's Tex.Civ. Stats. They also say that even though the passage of such order was not void, the proposed rural high school district was never legally created and all proceedings incident thereto were abortive and of no legal force or effect because the Navarro County Board did not canvass the returns of the annexation election or declare the results thereof or enter any order after the annexation election was held whereby it annexed or approved the annexation of Streetman or St. Elmo to Fairfield Consolidated. We cannot agree with these contentions.

■ Although the County Superintendent of Navarro County testified without dispute that the order of the Navarro County Board was passed on August 25, 1948, while the members were seated in a parked car after returning from Fairfield to Corsicana, we do not think this irregularity with respect to the directory provisions of Art. 2687 of Vernon's Tex. Civ. Stats. afforded a sufficient legal basis for holding under the circumstances shown in this case that such order and the subsequent proceedings of the Freestone County Board based thereon were invalid and void. We find no evidence which indicates that any of the complaining parties herein might have been injured, or their rights in any manner prejudiced, merely by reason of the fact that the members of the Navarro County Board passed the order while seated in their parked car outside of the Courthouse rather than going inside to the office of the County Superintendent for the performance of that act. Under somewhat similar circumstances this court has held that the passage of an order outside of the office of the County Superintendent was not invalid or void. District Trustees of Midway etc. v. Leon County School Trustees, Tex.Civ.App., 203 S.W.2d 860, pt. 1. Such also seems to be the effect of the holding in County Board of School Trustees of Hale County v. Mayfield Common School Dist., Tex.Civ.App., 140 S.W.2d 956, er. dis. Judg. cor. Furthermore, the certified

copy of the order furnished to and acted upon by the Freestone County Board was regular on its face and we find no evidence showing or tending to show that the Freestone County Board had any knowledge or notice of any irregularity with respect to the passage thereof until after it had completed its part of the annexation proceedings.

■ We think the proceedings of the Freestone County Board in calling the annexation election, in canvassing the returns from such election, in declaring the results thereof and entering an annexation order in accordance therewith were had and done in substantial compliance with the provisions of the applicable statutes. We are also of the opinion that such proceedings, when viewed in the light of the order passed by the Navarro County Board on August 25, 1948, constituted a valid exercise of the legal authority vested in the County Board of Freestone and Navarro Counties to establish a rural high school district under the provisions of Art. 2922d of Vernon's Tex.Civ.Stats. From the recitals contained in the order of the Navarro County Board it is apparent that the members thereof intended by the passage of the order not only to give written evidence of their ratification of the action of the Freestone County Board in calling the annexation election, but also to evidence their acquiescence in and approval of the contemplated action of the Freestone County Board in canvassing the returns from such election, declaring the results thereof and entering such further order or orders as might be necessary to complete the proposed annexation in the event the results of the election were favorable to the proposition therein submitted. Under the entire record before us we see no sound reason why such order should be construed or applied in a manner inconsistent with its intended purpose.

■ Prior to the institution of this suit the 51st Legislature of Texas passed an extensive validating act designated as House Bill no. 282, Vernon's Ann.Civ.St. art. 2815g—39, relating to proceedings of county boards of school trustees in the attempted establishment, organization and creation of school districts. This bill became effective as a law on March 8, 1949. It provides in part as follows:

"All school districts, including * * * rural high school districts, all county line school districts, including * * * county line rural high school districts, * * * and all other school districts, groups or annexations of whole districts, or parts of districts, whether established, organized and/or created by vote of the people residing in such districts, or by action of the governing body of any such municipalities, or by action of the county school boards, * * * and heretofore recognized by either state or county authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance.

"All acts of the county boards of trustees of any and all counties in rearranging, grouping, annexing, changing, detaching and attaching of territory * * * in any school district of any kind, or in creating new districts out of parts of existing districts or otherwise * * * are hereby in all things validated."

The existence of Fairfield Consolidated as a rural high school district, vested with all legal rights and privileges appertaining thereto, had been recognized by both the School Superintendent and the Board of School Trustees of Freestone County prior to the passage of the foregoing Act. We find no evidence in the record showing that the School Superintendent or the Board of School Trustees of Navarro County has at any time refused to recognize the existence of Fairfield Consolidated as a rural high school district or protested against the attempted exercise of the rights and privileges claimed to have been vested in it as such. Therefore, we hold that the faults, defects and omissions in the concerted effort of both County Boards to establish and create such district, if any, of which complaint is made by appellees, have been cured by the passage of the validating act to which we have referred. Brown v. Truscott Independent School Dist., Tex.

Com.App., 34 S.W.2d 837; Desdemona Independent School Dist. v. Howard, Tex. Com.App., 34 S.W.2d 840; Lyford Independent School Dist. v. Willamar Independent School Dist., Tex.Com.App., 34 School Dist., Tex.Com.App., 34 S.W.2d 857; State Line Consol. School Dist. No. 6 of Parmer County v. Farwell Independent School Dist., Tex.Com.App., 48 S.W.2d 616; North Common School Dist. v. Live Oak County Board of School Trustees, 145 Tex. 251, 199 S.W.2d 764.

■ On March 9, 1949, the trustees of Fairfield Consolidated passed an order calling for a bond assumption election to be held in the newly created rural high school district on March 30, 1949. On the day of the election appellees instituted this suit and procured the immediate issuance of a temporary restraining order against the holding of the election but on appeal to this court the temporary restraining order was summarily vacated. See: Fairfield Independent School Dist. v. Streetman Independent School Dist., Tex.Civ.App., 219

S.W.2d 603. After the election was held appellees filed an amended petition upon which the temporary injunction here appealed from was granted. Although appellees alleged in their amended petition certain irregularities in the holding of the election of March 30, there was no showing that but for such irregularities the results of the election would have been different. Therefore, such irregularities, even though shown, would not afford any proper basis for a successful contest of the election or warrant the issuance of an injunction against enforcing its results. Hill v. Smithville Independent School Dist., Tex. Com.App., 251 S.W. 209; Lightner v. McCord, Tex.Civ.App., 151 S.W.2d 362; Waters v. Gunn, Tex.Civ.App., 218 S.W.2d 235.

From what has been said it follows that in our opinion the court below erred in granting the application of appellees for a temporary injunction. Accordingly, the judgment appealed from will be reversed and judgment will be here rendered denying such application. Reversed and rendered.