

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 16, 1977

H. Q. Sibley, D.V.M.                    Opinion No. H- 991
Executive Director
Texas Animal Health Commission          Re: Authority of the Animal
Sam Houston Building                     Health Commission to require
Austin, Texas 78701                      tick eradication and control
                                         measures in certain areas.

Dear Dr. Sibley:

You ask two questions about the powers of the Animal
Health Commission under the Tick Eradication Law, article
7014g-1 V.T.C.S.  See Attorney General Opinion H-195 (1974).
This statute provides that Texas counties or parts of coun-
ties may be classified as within the Inactive Quarantined
Area, the Tick Eradication Area, or the Free Area.  Secs. 2,
3; see Attorney General Opinion O-2650 (1940).  Section 3 of
the statute lists a number of counties, declares them to be
the Inactive Quarantined Area, and quarantines them because
of tick infestation.  You have asked whether the Commission
has authority to reclassify these counties.

Section 3 of article 7014g-1 provides in part:

> The [Animal Health] Commission is hereby
> authorized to transfer, by proclamation of
> the Governor, counties and parts of counties
> from any area to another area whenever the
> same is deemed advisable or necessary. . . .

(Emphasis added).  We believe that "any area" refers to the
Inactive Quarantined Area, the Tick Eradication Area, or the
Free Area.  The language of section 3 is broad enough to empower
the Commission to transfer one of the enumerated counties from
the Inactive Quarantined Area to one of the other two areas.
There is no express exception of the enumerated counties from
this transfer provision.  The law does not favor implied ex-
ceptions to statutory provisions.  See North Common School Dist.
v. Live Oak County Board of School Trustees, 199 S.W.2d 764
(Tex. 1946).  In addition, the Legislature has in other pro-
visions expressly authorized the Commission to change the

p. 4114

status of the enumerated counties by designating them for tick eradication, and releasing the quarantine that section 3 imposes on them.  Secs. 2, 33.  Accordingly, in our opinion the Commission is authorized to reclassify, by proclamation of the Governor, the counties enumerated by the Legislature as the Inactive Area.

Furthermore, the Commission has apparently done so.  Proclamation No. 10, issued May 1, 1946, established a Tick Eradication Area consisting of parts of eight counties bordering Mexico. Ch. II, § 1, par. 1.  Section II, paragraph I thereof provides that all other counties and parts of counties "are hereby designated as the Free Areas of Texas. . . ."  Thus, the entire state was classified as the Free Area or the Tick Eradication Area; the counties enumerated by section 3 of article 7014g-1 as within the Inactive Area were thereby designated as within either the Tick Eradication Area or the Free Area.  The Tick Eradication Area and Free Area have been subsequently restructured within the eight counties, most recently by Proclamation No. 402, issued May 1, 1973.  However, we have discovered no proclaimed alteration of the classification of the remaining portion of the state.  Section 3 of article 7014g-1 was enacted in 1929 and has not been amended.  Acts 1929, 41st. Leg., 1st C.S., ch. 53 at 128.  In our view the enumeration of counties within the Inactive Quarantine Area is presently inoperative; the Animal Health Commission has reclassified those areas.

Your second question concerns whether the Commission may establish a controlled purpose quarantine line through southern Texas in the event of a threatened spread of fever ticks or splenetic fever.  The Commission would require one scratching and dipping for all horses and cattle moving across the line. You inform us that "scratching" refers to an inspection for ticks, and that a controlled purpose quarantine is imposed by the Commission without gubernatorial proclamation when it suspects the presence of ticks but does not want to impose full tick eradication measures.

Section 3 of article 7014g-1 provides in part:

> The re-establishment of quarantine on any portion of a county in the Free Area need not be proclaimed by the Governor.

You have informed us that the proposed line would run through Free Areas which were formerly subject to quarantine. Our research has indicated that this is the case. Governor's Proclamation No. 1, issued April 14, 1925. Section 3 of article 7014g-1 therefore expressly authorizes the Commission to re-establish such a quarantine without proclamation by the Governor. Section 27 directs the Commission to adopt rules and regulations providing the conditions for moving livestock from quarantined territory in the Free Area. This provision gives you ample authority to condition the moving of livestock across the proposed quarantine line on the scratching and dipping you describe. See also Sec. 25. Of course, section 4 of article 7014g-1 authorizes the Commission to require such scratching and dipping in the Tick Eradication Area.

**S U M M A R Y**

The Animal Health Commission has the authority to reclassify, upon proclamation by the Governor, those counties enumerated in section 3 of article 7014g-1 as within the Inactive Quarantine Area. The Commission may impose a limited quarantine in any Free Area which was formerly subject to quarantine, and may restrict the movement of livestock in the Tick Eradication Area.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml